CROSS, KIESCHNICK & COMPANY, a Texas Partnership; Lawrence E. Kieschnick; William R. Cross; James R. Harris; Andrew W. Greenwell and Harris & Thomas, Appellants,

v.

Leslie JOHNSTON and Wanda Johnston, Appellees.

No. 04–93–00332–CV.

Court of Appeals of Texas, San Antonio.

Jan. 31, 1994.

Rehearing Denied Dec. 16, 1994.

James R. Harris, Andrew M. Greenwell, Harris & Thomas, Corpus Christi, for appellants.

David W. Rogers, Law Offices of Dave Rogers, Inc., San Antonio, Samuel R. Byrd, San Antonio, for appellees.

Before CHAPA, C.J., and PEEPLES and LOPEZ, JJ.

LOPEZ, Justice.

The central issue raised by this appeal is whether the turnover statute can be used by a judgment creditor to cure a misnomer after a trial judgment has become final. We hold that this is an improper use of the turnover statute. We render as void the turnover order and its supplemental order.

## FACTS

Leslie and Wanda Johnston (appellees) litigated their DTPA cause of action against Cross, Kieschnick & Company (Cross & Company) on their Second Amended Original Petition. The petition named the defendant as "Cross, Kieschnick & Company, Inc." In its Third Amended Original Answer Cross & Company verified the following denials: its legal capacity to be sued; partnership as alleged; defect of parties; incorporation as alleged; and doing business under the alleged name.

The jury charge referred to Cross & Company as "Cross, Kieschnick & Company, Inc." Cross & Company objected to the charge because of the reference to them as a corporation. The trial court overruled the objection.

The judgment entered against Cross & Company referred to the party as "Cross, Kieschnick & Company." Subsequently, Cross & Company moved in its motion for new trial that the trial court amend the judgment to read "Cross, Kieschnick & Company, Inc." The motion was granted and the judgment reformed to read "Cross, Kieschnick & Company, Inc."

Subsequently, the Johnstons moved the trial court to modify the amended judgment to read "Cross, Kieschnick & Company." The trial court did not modify the amended

judgment. The Johnstons appealed the trial court judgment to this court. We dismissed the appeal for want of jurisdiction because of a late appeal bond.[1]

The Johnstons filed an Application for Order for Collection of Judgment by Court Proceedings Under Section 31.002 of the Civil Practice and Remedies Code (the turnover statute). The application was made against "Cross, Kieschnick & Company." The trial court issued a turnover order for collection of judgment against Cross, Kieschnick & Co., Inc. A supplemental order modified the turnover order so as to apply against the following: Cross, Kieschnick & Co.; Cross, Kieschnick & Co., Inc.; Lawrence E. Kieschnick; and William R. Cross. Additionally, the order imposed sanctions of $2500.00 upon these individuals and entities, and their attorneys.

Cross & Company, Lawrence Kieschnick, William Cross, and their attorneys (appellants) appeal from the turnover order and the supplementing order.

## TURNOVER ORDER

Appellants attack the validity of the supplemented turnover order because: (1) the turnover statute applies only to judgment debtors; because of the uncured misnomer, appellants are non-judgment debtors who are beyond the scope of the turnover statute; and (2) collateral estoppel prevents the identity of the judgment debtor from being changed.

■ First, we consider appellants' fourth point of error where they contest their status as judgment debtors.

■ The turnover statute provides that "[a] judgment creditor is entitled to aid from a court of appropriate jurisdiction through injunction or other means in order to reach property to obtain satisfaction on the judgment if the *judgment debtor* owns property, including present or future rights to property...." TEX.CIV.PRAC. & REM.CODE ANN. § 31.002(a) (Vernon 1986) (emphasis added). Consistent with statutory language, Texas courts do not apply the turnover statute to non-judgment debtors. *Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 227 (Tex. 1991).

The Johnstons argue, however, that appellants are estopped from contesting the validity of the judgment against them because they prevented the true name of the defendant from being placed on the judgment. Cross & Company specially excepted to their capacity to be sued as a corporation, and objected to the jury charge which referred to them as a corporation. Despite these warnings, the Johnstons failed to amend their petition to reflect the correct name of Cross & Company.

■ "In a 'misnomer' case the plaintiff misnames the person sought to be held liable, but serves the correct person, thereby advising the intended defendant of the suit." *Johnson v. Coca–Cola Co.,* 727 S.W.2d 756, 758 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Such is the case here: The Johnstons misnamed Cross & Company as a corporation, when allegedly it was a partnership, but the intended defendant was advised of the suit. In such a case, service upon the correct defendant is proper and the defendant is under a duty to plead such misnomer and seek abatement. *Matthews Trucking Co. v. Smith,* 682 S.W.2d 237, 238–39 (Tex.1984).

Cross & Company met its duty. The Johnstons, however, failed to amend their petition to correctly name Cross & Company. The judgment labeling Cross & Company a corporation became final. Cross & Company neither misled the trial court nor the Johnstons: Cross & Company answered that it was not a corporation and objected to the jury charge reference to it as a corporation. Because the trial court and the Johnstons failed to recognize Cross & Company's objection, Cross & Company had every right to insist that the judgment be consistent with the pleadings and jury charge, thereby referring to Cross & Company as a corporation. Appellants are not estopped from contesting the turnover order.

---

1. *Johnston v. Cross, Kieschnick & Co., Inc.,* No. 91–00063–CV (Tex.App.—San Antonio, Dec. 31, 1991, writ denied) (not designated for publication).

■ The Johnstons cite estoppel cases in support of their argument. *See Litton Indus. Prods., Inc. v. Gammage,* 668 S.W.2d 319 (Tex.1984); *D/FW Commercial Roofing Co. v. Mehra,* 854 S.W.2d 182 (Tex.App.—Dallas 1993, no writ); *Kelly v. Cunningham,* 848 S.W.2d 370 (Tex.App.—Houston [1st Dist.] 1993, no writ). The cited authority, however, does not bolster their position. First, the cases involve issues that were raised before the judgment became final. Second, Cross & Company is not taking an inconsistent position on appeal. Cross & Company contested their status as a corporation when they answered the petition and when they objected during the charge conference. Only when the judgment was inconsistent with the pleadings and the jury charge did Cross & Company ask that the judgment reflect the error. Cross & Company did not mislead the court. Cross & Company was merely protecting its rights once its objections were denied.

To allow the Johnstons to cure the misnomer · after a final judgment would not fit within the purpose of the statute:

> The traditional methods of reaching property of a judgment debtor to satisfy a judgment have been found inadequate in cases where the judgment debtor has property outside the State of Texas, where the judgment debtor owns property interest in such items as contract rights receivable, accounts receivable, commissions receivable and similar acts to property or rights to receive money at a future date. Additionally, there are inadequacies in existing procedures where negotiable instruments, corporate stocks, corporate securities and the like are owned by the judgment debtor but secreted by the judgment debtor in such a fashion that they cannot be found for execution by a levying officer. [The precursor to section 31.002] makes significant changes in the ability of the judgment creditor to enforce his judgment against his debtor. The changes which [the Act] makes are open-ended in that they allow a judgment creditor to get aid in collection from the Court in the form of an order which requires the debtor to bring to the Court all documents or property used to satisfy a judgment. The actual effect of the bill is to require the burden of production of property which is subject to execution to be placed with the debtor instead of a creditor attempting to satisfy his judgment. [The Act] will allow this to be effective against all property and future rights to property which the debtor might own.

> [The Act] proposed to put a reasonable remedy in the hands of a diligent judgment creditor, subject to supervision of the Court, and establish procedures for reaching the types of property and · property interests described above. Similar remedies for certain types of property are provided in Section 8.317 of the Uniform Commercial Code as adopted in Texas, but the types of property described there are not adequate to cover most situations. [The Act] proposes to amplify those rights and to bring Texas into conformity with other states having similar legislation.

David Hittner, *Texas Post-judgment Turnover & Receivership Statutes,* 45 Tex.Bar J. 417, 417–18 (Apr. 1982) (citing House and Senate committee reports).

■ In summary, the turnover statute was legislated to expand procedures by which diligent judgment creditors could reach the property of their judgment debtors. The turnover statute is purely procedural in nature; the statute does not provide for the determination of the substantive rights of the parties. *Cravens, Dargan & Co. v. Peyton L. Travers Co.,* 770 S.W.2d 573, 576 (Tex.App.—Houston [1st Dist.] 1989, writ denied). The turnover statute was not created to give a judgment creditor, who was not diligent at trial, a mechanism to cure trial error.

■ The supplemented turnover order names William Cross and Lawrence Kieschnick, partners of Cross & Company, as judgment debtors. Generally, partners are liable jointly and severally for all debts and obligations of the partnership. Tex.Rev.Civ. Stat.Ann. art. 6132b, § 15 (Vernon Supp. 1994). "The liability of the partners is in addition to the liability of the partnership itself, and suits may be brought in the name of the firm, with service on one partner."

*Fincher v. B & D Air Conditioning & Heating Co.,* 816 S.W.2d 509, 512 (Tex.App.— Houston [1st Dist.] 1991, writ denied), *cert. denied,* —— U.S. ——, 113 S.Ct. 77, 121 L.Ed.2d 41 (1992). Neither individual, however, was served. Additionally, the final judgment names a corporation as the judgment debtor, not a partnership. Consequently, it was error for the partnership and its partners, William Cross and Lawrence Kieschnick, to be named as judgment debtors in the supplemented turnover order.

The trial court erred by applying the supplemented turnover order to non-judgment debtors. We sustain appellants' fourth point of error.

■ In their first point of error, appellants claim the trial court erred by entering the turnover order because appellees were collaterally estopped from revisiting the issue of misnomer and the proper judgment debtor.

The Johnstons propounded post-judgment discovery where they asked Cross & Company to either admit or deny that Cross & Company is the same as Cross & Company, Incorporated. The Johnstons argue that the statute was used procedurally to recognize post-judgment discovery where it was deemed admitted that Cross & Company, Incorporated is the same entity as Cross & Company, the partnership.

Rule 621a of Texas Civil Procedure authorizes post-judgment discovery and provides in relevant part that:

At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant as provided by Article 3773, V.A.T.S., the successful party may, for the purpose of obtaining information to aid in the enforcement of such judgment, initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pre-trial matters....

Tex.R.Civ.P. 621a.

■ The post-judgment admissions propounded by the Johnstons were not for the purpose of obtaining information to aid in the enforcement of such judgment as required by Rule 621a. Instead the admissions were for the purpose of litigating the identity of the proper defendant.

Relitigation of an issue will be barred by collateral estoppel if "(1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." For collateral estoppel to be invoked, it is only necessary that the party *against whom* the plea of collateral estoppel is being asserted be a party or in privity with a party in the prior litigation.

*Mower v. Boyer,* 811 S.W.2d 560, 563 (Tex. 1991) (citation omitted); *see also Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 628 (Tex.1992).

All collateral estoppel requirements have been met in the present case. First, the issue of the proper judgment debtor and the applicability of the misnomer doctrine was fully and fairly litigated in the prior action. Second, those facts were essential to the amended judgment. Third, the Johnstons were the plaintiffs in the first action. Consequently, the Johnstons were precluded by collateral estoppel from relitigating the issue of the proper judgment debtor through the issue of misnomer in a subsequent turnover proceeding. We sustain appellants' first point of error.

■ In conclusion, the Johnstons were not diligent in amending their pleadings at trial to cure the misnomer. The trial judgment became final. The turnover statute may not be used to cure a misnomer once the trial judgment has become·final. It was improper as a matter of law to issue a turnover order against non-judgment debtors. The trial court abused its discretion. We render the turnover order and its supplemental order void. We do not consider appellants' other points of error since they are not dispositive.

Having found for the appellants, we deny the Johnstons' request for the imposition of delay damages pursuant to Tex.R.App.P. 84.