NO. 07-07-0020-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



AUGUST 8, 2007


______________________________



IN THE MATTER OF A. B.


_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY



SITTING AS A JUVENILE COURT



NO. 2006-762,211; HONORABLE MELISSA JO MCNAMARA, PRESIDING


_______________________________


 


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, A. B., a juvenile, appeals from an order of adjudication and disposition
finding that he had engaged in delinquent conduct and committing him to the Texas Youth
Commission. A. B.'s appointed counsel has filed a motion to withdraw as counsel and a
brief in support of that motion. We grant counsel's motion to withdraw and affirm.

 A. B. was charged with engaging in delinquent conduct based on his aggravated
assault on a public servant. A. B. pled true to the charge and waived his right to a jury trial. 
The trial court accepted A. B.'s plea and found that he had engaged in delinquent conduct. 
After holding a disposition hearing, the trial court committed A. B. to the Texas Youth
Commission for an indeterminate sentence not to exceed his 21st birthday.

 A. B.'s counsel has filed a motion to withdraw and a brief in support thereof which
states that counsel has carefully reviewed the record and listened to the recording of the
hearing and is of the opinion that the record reflects no reversible error upon which an
appeal can arguably be predicated. See Anders v. California, 386 U.S. 738, 744-45, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967); In re D.A.S., 973 S.W.2d 296, 299 (Tex. 1998)
(applying the Anders procedure to juvenile proceedings). Counsel thus concludes that the
appeal is frivolous.

 Counsel has attached an exhibit showing that a copy of the Anders brief and motion
to withdraw have been forwarded to A. B. and his legal guardian and parent appropriately
advising them of their right to review the record and of the parent's right to file a pro se
response to counsel's motion and brief. No response has been filed.

 We have made an independent examination of the record to determine whether
there are any non-frivolous grounds upon which an appeal could arguably be founded. 
See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v.
State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds.

 Having considered the merits and finding no reversible error, we grant appellate
counsel's motion to withdraw and affirm the trial court's order.

 Mackey K. Hancock

 Justice



ailure, Tuttle filed a
motion to enforce the court's order. On February 25, 1993, after a hearing on Tuttle's
motion, the court held Kothmann in contempt for his failure to pay child support and
medical expenses. Cook represented Kothmann in the motion to modify child support and
the contempt motion. At the time of the hearing, Kothmann had paid all of the past due
child support and all but $13.94 of the medical expenses. Kothmann was ordered confined
for 179 months in the Hays County Jail, but the commitment was suspended and he was
placed on probation for 36 months. Terms of Kothmann's probation included his 1) 
continuing to pay $1,092 per month in child support; 2) continuing to pay 50% of the health
care expenses of his children; 3) paying $9,089.75 in attorney's fees to Tuttle in 12
monthly installments of $757.48; and 4) purchasing health insurance for the children within
30 days of the court order.

 Kothmann failed to pay his monthly installments for attorney's fees in April and May
of 1993 and failed to obtain health insurance as ordered. Because of that failure, Tuttle
filed a motion to revoke the suspension of Kothmann's jail commitment. The trial court set
that motion for hearing on May 13, 1993, and issued a capias directing Kothmann be
brought before the court to show cause for his failure to comply with the terms and
conditions of his probation. Additionally, the court entered a turnover order by which Paul
Titzell, an agent of Shearson Lehman Brothers, was directed to turn over to the Lubbock
County Sheriff's Department "[a]ny and all cash, stock certificates, bonds or other
securities" held in the name of, or for the benefit of Kothmann. Kothmann was also
directed to appear with all stock certificates in which he owned an interest other than those
subject to the control of Titzell, as well as any proceeds resulting from the sale of such
stock.

 Although the plea is not included in the record, it seems to be uncontested that
Cook filed a plea of intervention on behalf of his law firm, Ward, Freels & Cook, L.L.P., in
which he sought possession of the items to be turned over to the Lubbock County Sheriff's
Office to the extent of the attorneys' interest in those items. Cook averred that Kothmann
owed at least $5,993.03 in attorney fees and had executed a security agreement giving the
attorneys a secured interest in certain of the stock held by Shearson Lehman Brothers.

 On May 10, 1993, Kothmann was arrested in Lubbock and placed in the county jail. 
At the May 13, 1993 hearing in Hays County, the court heard evidence and arguments
concerning the proper disposition of $9,712.82 obtained from Kothmann's Shearson
Lehman Brothers account. Kothmann appeared at the hearing, but was not represented
by an attorney. Cook appeared on behalf of his law firm and emphasized that fact. On
May 14, 1993, the court issued an order entitled "Order Aiding in Satisfaction of
Judgment," in which it found that Cook's law firm was entitled to $5,993.03 pursuant to its
security agreement with Kothmann and that Tuttle was entitled to the remaining $3,719.79
in partial satisfaction of the prior judgments against Kothmann for attorney fees incurred
by Tuttle. The court also found that Tuttle was to recover $1199 in additional attorney fees
from Kothmann.

 The May 13 hearing did not address the motion to revoke the suspension of
Kothmann's commitment and a hearing was scheduled on those matters for June 10, 1993. 
It appears that no such hearing was ever held. On June 8, 1993, Kothmann, now
represented by counsel, filed the suit underlying this appeal in Lubbock County against
Cook, Michael Scanio (Tuttle's attorney), Judge Rodriquez and Tuttle. Apparently, no
further action has been taken in Hays County on matters pending in that county.

 We are now only concerned with the suit insofar as it affected Cook. In his fourth 
amended original petition, Kothmann made claims against Cook for alleged breach of
fiduciary duty and violations of the Deceptive Trade Practices Act. On May 11, 2000, Cook
filed his motion for summary judgment on the basis that Kothmann's claims were in the
nature of compulsory counterclaims to Cook's quest for attorney fees and because they
were not raised at the May 13, 1993 hearing, they are barred by res judicata.

Discussion

 To prevail on a motion for summary judgment, a movant must establish there is no
genuine issue as to any material fact and that he or she is entitled to judgment as a matter
of law. Tex. R. Civ. P. 166a(c). A defendant who conclusively negates at least one of the
essential elements of a cause of action is entitled to summary judgment as to that cause. 
Randall's Food Markets., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). Likewise, a
defendant who conclusively establishes each element of an affirmative defense is entitled
to summary judgment. Id. In reviewing a summary judgment, we must accept as true
evidence in favor of the non-movant, indulging every reasonable inference and resolving
all doubts in his or her favor. El Chico Corp. v. Poole, 732 S.W.2d 306, 315 (Tex. 1987). 

 Res judicata is an affirmative defense. Tex. R. Civ. P. 94. It is the generic term for
a group of related concepts concerning effects given final judgments. Puga v. Donna Fruit
Co., 634 S.W.2d 677, 679 (Tex. 1982). Within the general doctrine of res judicata there
are two principal categories: 1) claim preclusion (also specifically known as res judicata);
and 2) issue preclusion (also known as collateral estoppel). Res judicata, or claim
preclusion, prevents the litigation of a claim or cause of action that has been finally
adjudicated, as well as related matters that with the exercise of reasonable diligence, could
have been litigated in the prior suit. Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628
(Tex. 1992). Thus, it is not limited to matters actually litigated in the prior suit, but also
precludes causes of action or defenses that arise out of the same subject matter and which
might have been litigated in the prior suit. Id. at 630.

 A determination of what constitutes the subject matter of a suit necessarily requires
an examination of the factual basis of the claim or claims in the prior litigation. It requires
an analysis of the factual matters that make up the gist of the complaint without regard to
the form of the litigation, and any cause of action which arises out of the same facts
should, if practicable, be litigated in the same lawsuit. Id. at 630 (citing Texas Water
Rights Comm. v. Crow Iron Works, 582 S.W.2d 768, 772 (Tex. 1979)). The definition of
res judicata contained in the foregoing cases is substantially similar to the rule of
compulsory counterclaims embodied in the rules. Tex. R. Civ. P. 97. 

 Thus, to sustain the summary judgment, the record must conclusively establish that
at the time of the May 13, 1993 hearing, Kothmann's claims must 1) have been within the
jurisdiction of the court; 2) not subject to a pending action at the time of the May 13, 1993
hearing; 3) have been mature and owned by Kothmann at the time of the hearing; 4) have
arisen out of the transaction or occurrence that was the subject matter of Cook's claim; 5)
have been against Cook in the same capacity; and 6) did not involve the presence of third
parties over whom the court cannot acquire jurisdiction. Wyatt v. Shaw Plumbing Co., 760
S.W.2d 245, 247 (Tex. 1988).

 In relevant part, the Texas turnover statute provides:

 (a) A judgment creditor is entitled to aid from a court of appropriate
jurisdiction through injunction or other means in order to reach property to
obtain satisfaction on the judgment if the judgment debtor owns property,
including present or future rights to property, that:


 (1) cannot readily be attached or levied on by ordinary legal process; 


* * *


 (b) The court may: 


 (1) order the judgment debtor to turn over nonexempt property that is
in the debtor's possession or is subject to the debtor's control . . .


* * *


 (d) The judgment creditor may move for the court's assistance under this
section in the same proceeding in which the judgment is rendered or in an
independent proceeding . . . .


Tex. Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon Supp. 2003) (emphasis added).

 The turnover statute was enacted to expand procedures by which diligent judgment
creditors could reach the property of their judgment debtors. Cross, Kieschnick & Co. v.
Johnston, 892 S.W.2d 435, 438 (Tex.App.-San Antonio 1994, no writ). As such, it is
purely procedural in nature and does not provide for the determination of the substantive
rights of the parties. Republic Ins. Co. v. Millard, 825 S.W.2d 780, 783 (Tex.App.
-Houston [14th Dist.] 1992, no writ); Cravens, Dargan & Co. v. Peyton L. Travers Co., 770
S.W.2d 573, 576 (Tex. App.--Houston [1st Dist.] 1989, writ denied). It does not create a
right in the judgment creditors and debtors to initiate and incorporate in the proceedings
an entirely different law suit against a third party who is not a part of the original judgment. 
Republic, 825 S.W.2d at 783.

 Because it is dispositive of this appeal, we proceed directly to consider his third
issue. In that issue, Kothmann asserts that Cook failed to conclusively prove that the
current case is based on claims that were or should have been raised at the May 13, 1993
hearing. Because of the special and limited nature of the turnover proceeding, Kothmann
would not have been entitled to raise those substantive claims against Cook had he
attempted to do so. That being so, Kothmann's failure to raise such matters at the time of
the May 13, 1993 hearing was not sufficient to entitle Cook to claim res judicata barring 
the pursuit of this suit.

 Kothmann's third issue is sustained. Because that sustention requires a reversal
of the trial court's judgment, it obviates the necessity for discussion of the remainder of
Kothmann's issues. Accordingly, the judgment of the trial court is reversed and the cause
remanded to the trial court.

 John T. Boyd

 Senior Justice 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).