ACCEPTED
04-15-00727-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
12/29/2015 5:19:45 PM
KEITH HOTTLE
CLERK

No. 04-15-00727-CV

IN THE COURT OF APPEALS FOR
THE FOURTH DISTRICT OF TEXAS
SITTING AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
12/29/2015 5:19:45 PM
KEITH E. HOTTLE
Clerk

LAUREN SAKS a/k/a GLORIA
LAUREN NICOLE SAKS,

V

DIANE M. FLORES and SANDRA
GARZA DAVIS f/k/a SANDRA C. SAKS

On Appeal from
Probate Court No. One, Bexar County, Texas
Honorable Kelly Cross, presiding
Trial Court Cause No. 2011-PC-3466

APPELLANT'S BRIEF

Respectfully submitted,

Philip M. Ross
State Bar No. 017304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com

ORAL ARGUMENT REQUESTED

By:  /s/  Philip M. Ross
Philip M. Ross
Attorney for Appellant
Margaret Landen Saks

## IDENTITY OF PARTIES AND COUNSEL

Party:                              Counsel:

Margaret Landen Saks               Philip M. Ross
                                   State Bar No. 17304200
Appellant                          1006 Holbrook Road
                                   San Antonio, Texas 78218
                                   Phone: 210-326-2100
                                   Email: ross_law@hotmail.com



Heinrichs & De Gennaro, P.C.   Jonathan Yedor
                                   State Bar No. 22151400
Appellee                           100 N.E. Loop 410, Suite 1075
                                   San Antonio, Texas 78216
                                   Phone: 210-366-0900
                                   Email: JonathanY@heinrichslaw.com

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ..……………….……… ii

TABLE OF CONTENTS …………………………………………… iii

INDEX OF AUTHORITIES ……………………………………….. vi

STATEMENT OF THE CASE ………………………… ……… 2

STATEMENT OF JURISDICTION ……………………………….. 3

STATEMENT REGARDING THE RECORD….…………………… 4

ISSUES PRESENTED ……………………………………………. 4

ISSUE NO. 1      Issue No. 1 Whether the trial court erred by granting Heinrichs' second amended motion to strike Landen's plea in intervention.

ISSUE NO. 2      Whether the trial court erred by granting Judgment Creditor's Motion to Order Disbursement of Funds from the Registry of the Court in Payment of Judgment.

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND .. 4

SUMMARY OF ARGUMENT …………………………………….. 9

STANDARD OF REVIEW …....................................….……… 11

ARGUMENT AND AUTHORITY ……………...…………………….. 11

ISSUE NO. 1      Whether the trial court erred by granting Heinrichs' second amended motion to strike Landen's plea in intervention.

            …................. 11

ISSUE NO. 2      Whether the trial court erred by granting Judgment Creditor's Motion to Order Disbursement of Funds from the Registry of the Court in Payment of Judgment

            ................... 16

CONCLUSION and PRAYER……………….……………….….... 23

CERTIFICATION ………………….…..……………………..… 25

CERTIFICATE OF COMPLIANCE ...……………………...…..... 25

CERTIFICATE OF SERVICE ……………………….…..….... 25

# INDEX OF AUTHORITIES

CASES                                                                 PAGE(S)

*Apparel Contractors, Inc. v. Vantage Properties, Inc.*
620 S.W.2d 666
 (Tex. Civ. App.-Dallas 1981, writ ref'd n.r.e.)  …......................... 13

*Austin Nursing Center, Inc. v. Lovato*
171 S.W.3d 845 (Tex. 2005)  …...................................................... 17

*Beall v. Helm*
50 S.W.2d 460 (Tex. Civ. App.-Fort Worth 1932, writ dism'd)  ….. 12

*Beutel v. Dallas County Flood Control Dist., No. 1*
916 S.W.2d 685 (Tex. App.-Waco 1996, writ denied)  …............... 12

*Barr v. Resolution Trust Corp.*
837 S.W.2d 627 (Tex.1992)  …........................................................ 20

*Cross, Kieschnick & Co. v. Johnston*
892 S.W.2d 435 (Tex.App.-San Antonio, 1994)  …....................... 20, 21

*Downer v. Aquamarine Operators, Inc.*
701 S.W.2d 238 (Tex.1985))  …..................................................... 11, 21

*Estate of Harley D. Webb, Jr., Deceased.*
266 S.W.3d 544 (Civ. App. - Fort Worth 2008) …......................... 11

*Evan's World Travel, Inc. v. Adams*
978 S.W.2d 225 (Tex. App.-Texarkana 1998, no pet.)  …............... 12

*Ginther v. Bank of America, N.A.*
No. 01-08-00430-CV (Civ.App.-Houston 1st Dist. 2010,
pet. denied)  …............................................................................... 22

*Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.*
 793 S.W.2d 652 (Tex. 1990)  …...................................................... 12, 14

<u>CASES</u>                                                                      <u>PAGE(S)</u>

*Huie v. DeShazo*
922 S.W.2d 920 (Tex.1996)  …............................................. 16

*Gibson v. Shaver*
434 S.W.2d 462 (Tex. Civ. App.—Tyler 1968, no writ) ….. 35, 36

*In re Webb*
266 S.W.3d 544 (Tex. App.-Fort Worth 2008, pet. denied) … 14

*Intermarque Automotive Products, Inc. v. Stewart Feldman and Marla Matz*
21 S.W.3d 544 (Tex.App.-Texarkana 2000) …....................... 12

*Inter-Continental Corp. v. Moody*
411 S.W.2d 578 (Tex. Civ. App.-Houston 1966,
writ ref'd n.r.e.)  …...................................................... 13

*Interfirst Bank-Houston, N.A. v. Quintana Petroleum Corp.*
699 S.W.2d 864 (Tex. App.-Houston [1st Dist.] 1985,
writ ref'd n.r.e.)  …...................................................... 14, 22

*Law Offices of Windle Turley, P.C. v. Ghiasinejad*
109 S.W.3d 68 (Tex.App.-Fort Worth 2003, no pet.)  …............. 11

*Mendez v. Brewer*
626 S.W.2d 4989 (Tex. 1982)  …. 12

*Miami Indep. Sch. Dist. v. Moses*
989 S.W.2d 871 (Tex. App.-Austin 1999, pet. Denied)  …............ 12

*Mower v. Boyer*
811 S.W.2d 560 (Tex.1991)  …............................................. 20

*Rogers v. Searle*
533 S.W.2d 440 (Tex. App.-Corpus Christi 1976, no writ)  …... 12

<u>CASES</u>                                                     <u>PAGE(S)</u>


*Ray Malooly Trust v. Juhl*
186 S.W.3d 568 (Tex., 2006)  …................................................ 16, 18


*Slay v. Burnett Trust*
187 S.W.2d 377 (1945)  …........................................................ 16


*Smith v. Wayman*
224 S.W.2d 211 (1949)  …........................................................ 16


*Wilson v. County of Calhoun*
489 S.W.2d 393 (Tex. Civ. App.-Corpus Christi 1972,
writ ref'd n.r.e.)  …................................................................... 13

<u>STATE STATUTES AND RULES</u>                    <u>PAGE(S)</u>

TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642 …..................  3

TEX. CIV. PRAC. & REM. CODE ANN. §  31.002(b)(1) …........... 21

TEX. CONST. Art. 5, § 6 …........................................................   3

TEX. R. APP. P. 25.1(b) …........................................................   3

TEX. GOV'T CODE § 311.005(2)  …..........................................  17

TEX. PROP. CODE § 111.004(4)  …........................................... 17, 18

No.  04-15-00727-CV

IN THE COURT OF APPEALS FOR
THE FOURTH DISTRICT OF TEXAS
SITTING AT SAN ANTONIO

LAUREN SAKS a/k/a GLORIA
LAUREN NICOLE SAKS,

V

DIANE M. FLORES and SANDRA
GARZA DAVIS f/k/a SANDRA C. SAKS

On Appeal from
Probate Court No. One, Bexar County, Texas
Honorable Kelly Cross, presiding
Trial Court Cause No. 2011-PC-3466

APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

COMES NOW, MARGARET LANDEN SAKS ("Landen"), by and through

undersigned counsel, and files this Appellant's Brief and in support thereof would

show:

1

STATEMENT OF CASE

This case initially arose as a dispute involving alleged mismanagement of the Saks Children Family Trust ("Trust"), which was filed by Lauren Saks Merriman ("Lauren") against her mother Sandra Saks, who was the Settlor, and her aunt Diane Flores, who was the Trustee. The case was settled in mediation according to a mediated settlement agreement ("MSA"), which contained an arbitration clause. When a dispute arose among the parties to the MSA, the trial court ordered the parties including the three named parties to the suit as well as Landen and Marcus Rogers, as interim trustee ("Interim Trustee"), to arbitrate the dispute. Lauren's attorneys A. Chris Heinrichs, J. Barrett Shipp and Heinrichs & De Gennaro, P.C. ("Heinrichs") were not parties to the MSA or the arbitration, but they were awarded fees to be paid by the Trust according to the agreement of the parties.

The arbitration award was confirmed by the trial court, and Landen filed an appeal claiming that the Trust had been terminated prior to the MSA and that she was not a party to the MSA. The Order Confirming the Arbitration Award was affirmed on appeal. Then, when Heinrichs filed a Judgment Creditor's Motion to Order Disbursement of Funds from the Registry of the Court in Payment of Judgment and the Interim Trustee did not object, Landen filed a plea in

2

intervention and objected to payment of Heinrichs' fees by the Trust. Landen's objection claimed that the Trust was not a party to the MSA or arbitration and lacked capacity to pay a judgment. Alternatively, the Trust was a spendthrift trust, which had not been amended, and the Trustee lacked authority to pay a judgment pursuant to the MSA.

On September 25, 2015, after hearing argument of counsel for the parties, the trial court struck Landen's plea in intervention and Ordered payment of Heinrichs' judgment from the registry of the court. Landen submits that the trial court abused its discretion by striking her intervention and ordering payment of Heinrichs' fees from the registry of the court. Landen claimed standing and capacity on behalf of the trustee to object to payment of an unenforceable judgment by the Trust. Landen timely filed a notice of appeal.

## STATEMENT OF JURISDICTION

Appellant files this appeal pursuant to Article V, Section 6 of the Texas Constitution and TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642. TEX. R. APP. P. 25.1(b) requires the filing of a notice of appeal, which invokes the appellate court's jurisdiction. Appellant submits that she has complied with all conditions precedent to invoking the jurisdiction of the Fourth Court of Appeals.

3

## STATEMENT REGARDING THE RECORD

The Clerk's Record consisting of one volume plus two supplemental volumes has been requested and filed. The Reporter's Record consisting of one volume including transcript of one hearing has been filed.

## ISSUE PRESENTED

1       Whether the trial court erred by granting Heinrichs' second amended motion to strike Landen's plea in intervention.

2       Whether the trial court erred by granting Judgment Creditor's Motion to Order Disbursement of Funds from the Registry of the Court in Payment of Judgment.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On January 2, 1991, Sandra Saks ("Sandra"), acting in her capacity as settlor, created the Saks Children Family Trust a/k/a ATFL&L ("Trust") for the benefit of her children including daughters Gloria Lauren Nicole Saks ("Lauren"), Margaret Landen Corina Saks ("Landen"), and any other children later born to or legally adopted by Sandra through court proceedings. (CR page 222-252). Sandra's sister Diane M. Flores ("Diane") was appointed as Trustee.

Twenty years later, on August 17, 2011, Lauren sued Sandra and Diana in Cause No. 2011-PC-3466 alleging mismanagement of the Trust and other claims

and seeking to remove Diana as Trustee. (CR page 5-13). Lauren was represented by attorneys A. Chris Heinrichs, J. Barrett Shipp and Heinrichs & DeGennaro, P.C. ("Heinrichs").

Diane served as trustee until December 21, 2011, when she gave notice of termination of the Trust. A few days later, Marcus Rogers ("Interim Trustee") was appointed by the trial court to investigate what assets were owned by the Trust and he was given a nominal title as "Interim Trustee". (CR page 14-16). Cause No. 2011-PC-3466 was resolved according to a mediated settlement agreement ("MSA") on April 2, 2012. (CR page 17; TAB 5).

The MSA included an agreement to pay Heinrichs and Marcus. (CR page 33). However, that agreement was not enforceable against the Trust, which is an irrevocable spendthrift trust, which has not been amended. (CR page 235, ¶ 4.5). However, the Interim Trustee neither agreed nor objected to payment of Heinrichs' fees. (CR page 173). The Trust prohibits both voluntary and involuntary distributions by or on behalf of the beneficiaries. (CR page 235, ¶ 4.5). Therefore, Landen submits that neither the trustee nor the trial court has discretion to pay Heinrichs, and the trustee would be breaching his fiduciary duty to the beneficiaries if he pays Heinrichs' claim, which is not legally enforceable against the Trust.

The MSA was approved by an Order of the trial court signed and filed on May 8, 2012. (CR page 17).

The MSA provided at ¶7 that if one or more disputes arose, the parties agreed that the dispute would be referred to arbitration in accordance with the applicable United States Arbitration and Mediation Rules of Arbitration. (Tab 5, page 3). When a dispute arose between Lauren and Sandra, Lauren requested the trial court to issue an order waiving the parties' agreement to follow the USA&M Rules of Arbitration and compelling the parties to attend mediation and arbitration.

An arbitration hearing was conducted on October 18, 2012 purportedly pursuant to the provisions of the MSA, and the arbitrator signed an award on October 18, 2012. (CR page 37). Landen submits that the Arbitration Award was unenforceable as to the order that the Trust pay attorney's fees to Heinrichs & De Gennaro, P.C. in the amount of $285,000.00 plus expenses of $12,358.85.00 because the Trust is not an entity, the Trust was not a party, and the Trust is an irrevocable spendthrift trust. Therefore, Landen submits that Heinrichs' claim for payment of attorney's fees relating to his contract for legal services as attorney for Lauren, who is a beneficiary of the Trust, is not collectable against the Trust because the Trust does not have the capacity to be a judgment debtor.

6

On May 7, 2013, the trial court signed an Order Confirming Award of Arbitrator and Final Judgment. (CR page 24-25). Landen submits that the Order Confirming Award of Arbitrator and Final Judgment was final as to the order that the Trust pay attorney's fees to Heinrichs & De Gennaro, P.C., but that the Trust does not have the capacity to be a judgment debtor because it is not a person or thing, and it is a spendthrift trust. Now, it is too late for Heinrichs to appeal the final Judgment to change the identity of the judgment debtor.

On July 23, 2015, Heinrichs filed a Judgment Creditor's Motion to Order Disbursement of Funds from the Registry of the Court in Payment of Judgment. Heinrichs claims a Judgment against the Trust for $297,358.85 plus accrued postjudgment interest (through August 5, 2015) in the amount of $34,521.12.(CR Supplement, page 11). Heinrichs filed an Amended Judgment Creditor's Motion to Order Disbursement of Funds from the Registry of the Court in Payment of Judgment on August 24, 2015. (CR pages 128-134). Landen filed her Verified Plea in Intervention on August 24, 2015. (CR pages 135-144). Heinrichs filed a Second Amended Judgment Creditor's Motion to Order Disbursement of Funds from the Registry of the Court in Payment of Judgment on September 17, 2015. (CR pages 169-175). Heinrichs filed a Motion to Strike Landen Saks' Intervention on August 28, 2015. (CR pages 149-163).

Landen alleges and would prove that the Trust was not legally obligated to pay Heinrichs' judgment, which was not legally enforceable against the Trust, but that Marcus failed or refused to intervene and object to Heinrichs' claim. The Trust provides as follows:

> "4.7 <u>Spendthrift Restriction</u>. Each trust created hereunder is a spendthrift trust. Accordingly, no beneficiary shall have the power to anticipate, encumber, or transfer his interest in any trust estate in any manner. No part of any trust estate shall be liable for or charged with any debts, contracts, liabilities, or torts of a beneficiary, or subject to seizure or other process by any creditor of a beneficiary."

(CR page 235 ¶ 4.7).

Landen alleges and would prove that the trustee breached his fiduciary duty to the beneficiaries of the Trust by not intervening and objecting to Heinrichs' claim because the claim was not legally enforceable against the Trust. Furthermore, payment of such unenforceable claim would reduce the principal of the Trust, which would also adversely affect the income-producing capacity of the Trust and corresponding distributions to the beneficiaries.

Therefore, Landen claims a justiciable interest in the Trust, and her intervention on behalf of the trustee was essential to protecting her interest in the

Trust from being dissipated or diluted by the improper payment of an unenforceable judgment against the Trust. Landen claims a justiciable interest in protecting the Trust from mismanagement, and her intervention on behalf of the interim trustee was necessary to protect her interests as a beneficiary because the interim trustee failed or refused to intervene and object to Heinrichs' claim

The trial court, after considering the pleadings and argument of counsel for the parties, signed the Order Striking Intervention (CR supplement, pages 4-5) and Order to Disburse Funds from the Registry of the Court in Payment of Judgment (CR Supplement, page 6) on September 25, 2015. Landen timely filed her notice of appeal on the same day.

## SUMMARY OF ARGUMENT

Landen submits that the trial court abused its discretion when it signed the Orders granting Heinrichs' amended motion to strike Landen's plea in intervention. Landen submits that she was deemed to be a party to the MSA, arbitration award and judgment confirming the award although she contested these findings on appeal. Landen also contested the existence of the trust, which she argued had been terminated prior to the MSA, on appeal. Landen is not contesting these findings or appealing the prior Judgment Confirming Award of Arbitrator and Final Judgment, dated May 7, 2013.

Landen submits that she had a right to intervene, when Heinrichs filed his motion to order disbursement of funds from the registry of the Court to pay his judgment against the Trust. Landen is a beneficiary of the Trust, and she was found to be a party to the Judgment Confirming Award of Arbitrator and Final Judgment, dated May 7, 2013. (CR page 24-25). Landen claimed that disbursing funds belonging to the Trust would reduce the principal and earning capacity of the Trust, which would directly and indirectly affect Landen's beneficial interests.

Secondly, Landen submits that the trial court erred by granting Judgment Creditor's Motion to Order Disbursement of Funds from the Registry of the Court in Payment of Judgment. Landen submits that Heinrichs was not a party to the MSA; the interim trustee was not a judgment debtor; the Trust was not amended to allow payment of a debt incurred by a beneficiary despite the spendthrift protection; and Heinrichs' judgment against the Trust was not enforceable, notwithstanding the parties', (not including Rogers as interim trustee), agreement to pay Heinrichs' and Rogers' fees from the Trust pursuant to the MSA. Landen also claimed that Heinrichs' claim against the Trust was unenforceable because the Trust lacks capacity to be a judgment debtor, i.e., the Trust cannot pay a judgment, and Heinrichs did not get a judgment against the Interim Trustee. Therefore, Heinrichs lacked standing or capacity to demand payment from the registry of the

court.

## STANDARD OF REVIEW

Appellate courts review for an abuse of discretion a trial court's determination on a motion to strike a plea in intervention. *Estate of Harley D. Webb, Jr., Deceased.*, 266 S.W.3d 544 (Civ. App. - Fort Worth 2008) citing *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex.App.-Fort Worth 2003, no pet.). To determine whether a trial court abused its discretion, an appellate court must decide whether the trial court acted without reference to any guiding rules or principles; in other words, the appellate court must decide whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id*.

## ARGUMENT AND AUTHORITY

Issue No. 1: Whether the trial court erred by granting Heinrichs' swcond amended motion to strike Landen's plea in intervention.

The Texas Rules of Civil Procedure provide that "[a]ny party may intervene Page 549. . . subject to being stricken out by the court for sufficient cause on the

11

motion of any party." TEX. R. CIV. P. 60. Thus, an intervenor is not required to secure the trial court's permission to intervene; but instead, any party who opposes the intervention has the burden to challenge it by a motion to strike. *Intermarque Automotive Products, Inc. v. Stewart Feldman and Marla Matz*, 21 S.W.3d 544 (Tex.App.-Texarkana 2000) citing *Guaranty Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 657 (Tex. 1990).

Once the motion to strike has been filed, the burden then shifts to the intervenor to show a justiciable interest in the lawsuit. *Mendez v. Brewer*, 626 S.W.2d 498, 499 (Tex. 1982). The interest asserted by the intervenor may be legal or equitable in nature, id.; but it must be "greater than a mere contingent or remote interest." *Rogers v. Searle*, 533 S.W.2d 440, 442 (Tex. App.-Corpus Christi 1976, no writ), citing *Beall v. Helm*, 50 S.W.2d 460 (Tex. Civ. App.-Fort Worth 1932, writ dism'd). A party has a justiciable interest in a lawsuit, and thus a right to intervene, when his interests will be affected by the litigation. See *Miami Indep. Sch. Dist. v. Moses,* 989 S.W.2d 871, 879 (Tex. App.-Austin 1999, pet. denied); *Evan's World Travel, Inc. v. Adams*, 978 S.W.2d 225, 234-35 (Tex. App.-Texarkana 1998, no pet.). If a party cannot show a justiciable interest in the lawsuit, the trial court has sufficient cause to strike his plea in intervention. See *Beutel v. Dallas County Flood Control Dist., No. 1,* 916 S.W.2d 685, 691 (Tex.

12

App.-Waco 1996, writ denied) (stating that party may intervene if "he has justiciable interest in the subject matter that makes it necessary or proper for him to come into the case for his self-protection"); *Wilson v. County of Calhoun*, 489 S.W.2d 393 (Tex. Civ. App.-Corpus Christi 1972, writ ref'd n.r.e.).

Landen submits that she had a right to intervene in order to protect her beneficial interests in the Trust, when Heinrichs filed his motion to order disbursement of funds from the registry of the Court to pay his judgment against the Trust. Landen is a beneficiary of the Trust, and the trial court confirmed the arbitrator's finding that Landen was a party to the Judgment Confirming Award of Arbitrator and Final Judgment, dated May 7, 2013. (CR page 24-25). Landen claimed that disbursing funds belonging to the Trust would reduce the principal and earning capacity of the Trust, which would affect Landen's beneficial interest.

Furthermore, even if a party has a justiciable interest, and thus a right to intervene in a lawsuit, the trial court will still have broad discretion in determining whether his plea in intervention should be struck. *Rogers,* 533 S.W.2d at 442; *Inter-Continental Corp. v. Moody,* 411 S.W.2d 578, 589 (Tex. Civ. App.-Houston 1966, writ ref'd n.r.e.). The trial court's discretion, however, is not unbridled. *Apparel Contractors, Inc. v. Vantage Properties, Inc*., 620 S.W.2d 666, 668 (Tex. Civ. App.-Dallas 1981, writ ref'd n.r.e.); *Inter-Continental Corp.*, 411 S.W.2d at

13

589. The Texas Supreme Court has held that it is an abuse of discretion to strike a plea in intervention if (1) the intervenor could have brought the same action, or any part thereof, in his own name, or if the action had been brought against him, he would be able to defeat recovery, or some part thereof, (2) the intervention will not complicate the case by an excessive multiplication of the issues, and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Guaranty Fed. Sav. Bank*, 793 S.W.2d at 657.

The Trust Code provides that in an action by or against a trustee and in all proceedings concerning trusts, the trustee is a necessary party "if a trustee is serving at the time the action is filed." *In re Webb*, 266 S.W.3d 544, 548-49 (Tex. App.-Fort Worth 2008, pet. denied); see Tex. Prop. Code Ann. §§ 111.004, 115.011. This court has held that, because legal title to trust property is vested in the trustee, the trustee is the proper party to bring an action on behalf of a trust. *Interfirst Bank-Houston, N.A. v. Quintana Petroleum Corp.*, 699 S.W.2d 864, 874 (Tex. App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.). There is an exception, however. When the trustee cannot or will not enforce the cause of action that it has against a third person, a beneficiary may enforce it. *Id*. In such a case, the beneficiary is not acting on a cause of action vested in him, but he is acting for the trustee. *Id*.

14

Landen submits that Rogers was appointed interim trustee with limited powers pursuant to the Order Appointing Interim Trustee, Marcus Rogers on December 28, 2011. (CR pages 14-16). Although, Rogers approved the MSA as to form only, he approved the Order Approving Settlement Agreement on May 8, 2012. (CR page 17). The Interim Trustee, did not object to Heinrichs' motion to order disbursement of funds from the registry of the Court to pay his judgment against the Trust. Landen submits that the Interim Trustee's failure to object to Heinrichs' claim against the Trust was a breach of fiduciary duty in violation of the spendthrift clause at ¶ 4.7. (TAB 5, page 3). So, Landen timely filed her plea in intervention in order to object to Heinrichs' motion on behalf of the Interim Trustee before the trial court signed the Order to Disburse Funds from the Registry of the Court in Payment of Judgment.

Therefore, Landen submits that it was an abuse of discretion for the trial court to strike her plea in intervention because (1) she could have been able to defeat Heinrichs' claim, or some part thereof, acting for the Interim Trustee, (2) her intervention would not complicate the case by an excessive multiplication of the issues because the Interim Trustee did not file any opposition to Heinrichs' claim, and (3) her intervention was almost essential to effectively protect her interest as a beneficiary of the Trust. *Guaranty Fed. Sav. Bank*, 793 S.W.2d at 657.

15

Issue No. 2:     Whether the trial court erred by granting Judgment Creditor's Motion to Order Disbursement of Funds from the Registry of the Court in Payment of Judgment.

As a preliminary matter, the Court must decide whether the postjudgment order enforcing the court's judgment in this case is a final and appealable order. *Kenseth v. Dallas County*, 126 S.W.3d 584 (Tex. App., 2004). Postjudgment orders embodying awards to claimants or enforcing the court's judgment itself are appealable orders; they function like judgments. *Id*., at 600.

The Texas Supreme Court has held that "[t]he term `trust' refers not to a separate legal entity but rather to the fiduciary relationship governing the trustee with respect to the trust property." *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568 (Tex., 2006), citing *Huie v. DeShazo* , 922 S.W.2d 920, 926 (Tex.1996) (holding that treating trust rather than trustee as attorney's client "is inconsistent with the law of trusts"). The general rule in Texas (and elsewhere) has long been that suits against a trust must be brought against its legal representative, the trustee. See *Werner v. Colwell,* 909 S.W.2d 866, 870 (Tex.1995); *Smith v. Wayman,* 148 Tex. 318, 224 S.W.2d 211, 218 (1949); *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377, 382 (1945). Landen's attorney made this argument to the trial court at the hearing on September 25, 2015. (RR pages 12-13, TAB 5).

16

According to the Judgment Confirming Arbitration Award in this case, neither Heinrichs, Shipp, Heinrichs & De Gennaro nor the trust were parties the MSA. (CR Vol. 1, page 36, ¶ 6). Rogers, as Interim Trustee, did not approve the substance of the MSA; he and Heinrichs only approved the form of the agreement of the parties.

According to the Code Construction Act specifies that "person" includes a ". . . business trust, estate, trust, partnership, association, and any other legal entity." TEX. GOV'T CODE § 311.005(2). But the Code Construction Act addresses the construction of state codes, not the capacity to sue or be sued. Id. at § 311.002. For example, the Act includes estates as statutory "persons," but an estate is nonetheless "not a legal entity and may not properly sue or be sued as such." *Austin Nursing Center, Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).

Moreover, the definitions in the Code Construction Act apply unless other statutes or contexts require a different definition. TEX. GOV'T CODE § 311.005(2). The most relevant code — the Texas Trust Code — explicitly defines a trust as a relationship rather than a legal entity. See TEX. PROP. CODE § 111.004(4). It states that trustees "may compromise, contest, arbitrate, or settle claims" against a trust. Id. § 113.019. It validates payments to and conveyances from a trustee, even if the trustee absconds with the proceeds. Id. §§ 114.081,

17

114.082. And since the trustee is "the person holding the property in trust," id. § 111.004(18), a judgment against that property must be brought against the person who holds it. *Ray Malooly Trust v. Juhl*, 186 S.W.3d 568 (Tex., 2006).

Heinrichs claims a right to seek collection of its purported judgment against the Trust as to funds on deposit through a court proceeding if the Trust owns property that: (1) cannot readily be attached or levied by ordinary legal process; and (2) is not exempt from attachment, execution or seizure for the satisfaction of liabilities pursuant to TCP&RC Section 31.002(a). However, Heinrichs' claim of a right to collect his purported judgment against the Trust fails because the Texas Trust Code explicitly defines a trust as a relationship rather than a legal entity. See TEX. PROP. CODE § 111.004(4).

The Trust cannot be a judgment debtor because it is not an entity, since it is neither a "person" nor "property", and therefore, does not have the capacity to sue or be sued. Heinrichs pleaded for judgment against the Trust although he knew or should have known that the Trust was not a party to the MSA and did not have the capacity to be sued. Inexplicably, Heinrichs chose not to sue the interim trustee, who, according to the Judgment Affirming Arbitration Award, was a party to the MSA even though he only signed approval as to form. Landen submits that neither Heinrichs nor the Interim Trustee agreed to the terms of the MSA

including the provision for payment of his fees and Heinrichs' fees.

Additionally and alternatively, none of the parties to the MSA had authority to agree to terms that would breach the spendthrift terms of the Trust, which was not amended to allow payment of a beneficiary's debts. Therefore, Heinrichs knew or should have known that getting a judgment against a non-entity would be uncollectable. Additionally and alternatively, getting a judgment a spendthrift trust would be uncollectable.

Heinrichs knew or should have known that his judgment against the Trust was unenforceable because he did not contract with the Trust or the interim trustee, and the Trust did not have the capacity to be sued. Nevertheless, Heinrichs obtained an Abstract of Judgment identifying himself as judgment creditor and the Trust as judgment debtor on October 30, 2013. (CR Supplement, pages 32-34).

Landen appealed the Judgment Affirming Arbitration Award, which was a final, appealable judgment. Heinrichs did not appeal the Judgment Affirming Arbitration Award, and now it is too late to alter or amend the judgment. Likewise, Heinrichs cannot relitigate the issue regarding the identity of a judgment debtor because his judgment against the Trust became final, and he didn't file an appeal.

19

Relitigation of an issue will be barred by collateral estoppel if "(1) the facts sought to be litigated in the first action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Cross, Kieschnick & Co. v. Johnston*, 892 S.W.2d 435, 439 (Tex.App.-San Antonio, 1994) For collateral estoppel to be invoked, it is only necessary that the party against whom the plea of collateral estoppel is being asserted be a party or in privity with a party in the prior litigation. Id., citing *Mower v. Boyer*, 811 S.W.2d 560, 563 (Tex.1991) (citation omitted); see also *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex.1992).

All collateral estoppel requirements have been met in the present case. First, the issue of the proper judgment debtor and the applicability of the misnomer doctrine was fully and fairly litigated in the prior action. Second, those facts were essential to the amended judgment. Third, Heinrichs was not a plaintiff in the first action. Consequently, Heinrichs is precluded by collateral estoppel from relitigating the issue of the proper judgment debtor through the issue of misnomer in a subsequent turnover proceeding.

In conclusion, Heinrichs was not diligent in amending its pleadings in the trial court to cure the misnomer. The trial judgment became final. The turnover

statute may not be used to cure a misnomer once the trial judgment has become final. It was improper as a matter of law to issue a turnover order against non-judgment debtors. The trial court abused its discretion. The Court of Appeals should render the turnover order void. *Cross, Kieschnick & Co. v. Johnston*, 892 S.W.2d 435 (Tex.App.-San Antonio, 1994).

The Order to Disburse Funds from the Registry of the Court in Payment of Judgment, was signed in error on September 25, 2015. Landen submits that the trial court abused its discretion because it acted without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986). To wit, the Order did not contain reference to any guiding rules or principles as a basis for ordering a check to be issued by the County Clerk from the Registry of the Court payable to Heinrichs in satisfaction of his judgment against the Trust.

So, Heinrichs' assertion that the TCP&RC Section 31.002(b)(1) authorizes the Court to order the Trust to turn over non-exempt property is false. Likewise, Heinrichs' assertion that the Court may also grant turnover relief against the clerk of the court as a third party in possession of the Trust's property is also false because the Trust is not an entity; it was not a party to this case; and it could not be a judgment debtor. Additionally and alternatively, even though Heinrichs

requested, and the trial court agreed, to name the Trust as a judgment debtor, the judgment is not collectable because the final Judgment named a non-entity, which owns no assets, as judgment debtor.

Heinrichs' argument that "[T]he entire amount of the funds on deposit with the clerk of the court, as property in *custodia legis*, is subject to turnover relief and can be applied toward payment of the Law Firm's Judgment[.]" should not be relied on because it invites error. A judgment against a trust without joining the trustee is unenforceable. The Trust Code provides that in an action by or against a trustee and in all proceedings concerning trusts, the trustee is a necessary party "if a trustee is serving at the time the action is filed." *In re Webb*, 266 S.W.3d 544, 548-49 (Tex. App.-Fort Worth 2008, pet. denied); see Tex. Prop. Code Ann. §§ 111.004, 115.011. The First Court of Appeals – Houston has held that, because legal title to trust property is vested in the trustee, the trustee is the proper party to bring an action on behalf of a trust. *Ginther v. Bank of America, N.A.*, No. 01-08-00430-CV (Civ.App.-Houston 1st Dist. 2010, pet. denied) citing *Interfirst Bank-Houston, N.A. v. Quintana Petroleum Corp.*, 699 S.W.2d 864, 874 (Tex. App.-Houston [1st Dist.] 1985, writ ref'd n.r.e.).

There is an exception, when the trustee cannot or will not enforce the cause of action that it has against a third person, a beneficiary may enforce it. *Id*. In such

22

a case, the beneficiary is not acting on a cause of action vested in him, but he is acting for the trustee. *Id.* When Rogers' attorney stipulated that Rogers, as interim trustee, did not object to Heinrichs' claim on or about July 23, 2015, the failure or refusal of the interim trustee to intervene and object triggered the exception, which allowed Landen, as a beneficiary of the Trust, to act for the trustee to protect her interest in the Trust. *Id.*

Hienrichs argues that "[A] further compelling reason to order payment of the Law Firm's Judgment from the funds on deposit is the restricted nature of the Law Firm's right to pursue collection of the Judgment by other means." However, this argument fails for the same reasons that his other arguments fail. The Trust cannot be a judgment debtor because (1) the Trust is not an entity, (2) the Trust is not a party to this case, (3) the trustee of the Trust is not a party to this case; (4) Heinrichs' judgment is not against the trustee of the Trust, and (5) the other beneficiaries of the Trust are not parties, and (6) the Trust is an irrevocable spendthrift trust.

## CONCLUSION AND PRAYER

WHEREFORE, Appellant Landen Saks requests the Court to reverse the trial court's Order Striking Intervention and Order to Disburse Funds from the Registry of the Court in Payment of Judgment and render judgment dismissing

Heinrichs' claims. Alternatively, Landen Saks requests the Court to reverse the trial court's Order Striking Intervention and Order to Disburse Funds from the Registry of the Court in Payment of Judgment and remand the case to Probate Court No. Two, Bexar County, Texas for dismissal. Appellant also requests the Court to grant her all additional relief to which she may be justly entitled.

Respectfully submitted,

/s/ Philip M. Ross
Philip M. Ross
State Bar No. 17304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com
ATTORNEY FOR APPELLANT
LANDEN SAKS

24

## CERTIFICATION

I hereby certify that every factual statement in the petition is supported by competent evidence included in the appendix or record.

/s/ Philip M. Ross
Philip M. Ross

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in compliance with Texas Rule of Appellate Procedure Rule 9. It contains 5,334 words, 24 pages, 14 point typeface.

/s/ Philip M. Ross
Philip M. Ross

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document was e-filed and sent by email or electronic delivery to: Jonathan Yedor and Royal Lea, III on December 29, 2015.

/s/ Philip M. Ross
Philip M. Ross