

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-304-CV**

ESTATE OF HARLEY D. WEBB, JR.,
DECEASED

------------

FROM PROBATE COURT NO. 1 OF TARRANT COUNTY

------------

## OPINION

------------

This appeal arises out of a family settlement agreement entered into by some but not all of the takers under a will of Harley D. Webb, Jr.  Richard L. Page appeals from the trial court's striking of his plea in intervention in the petition requesting approval of a family settlement agreement and for modification of a spendthrift trust brought by Appellees Marsha Webb and David Webb, Harley's children ("the Webb children"), and Appellee Catholic Charities Diocese of Fort Worth, Inc. ("the Diocese") and involving Appellee Hershel R. Payne as independent executor of Harley's estate.  The Diocese had

intervened in the Webb children's underlying lawsuit. Because we hold that the trial court abused its discretion by striking Page's plea in intervention, we reverse the trial court's order and remand this case for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Harley executed a will in 1993. In 2002, he executed another will that revoked all prior wills and codicils and named Payne as executor. The 2002 will devises Harley's residuary estate to Page as trustee of a spendthrift trust "to be called the Harley D. Webb, Jr. Family Trust" ("the Harley trust"). The will authorizes the executor, as the executor deems advisable, to select assets for distribution in satisfaction of any gift made under the will. It also authorizes the executor to pay out of the residuary estate all unsecured debts and all claims that are in the executor's opinion legally enforceable against the estate; the executor is authorized to pay these claims out of any available assets. The will also provides that the trustee or the executor may divide any trust created under the will into two or more trusts with identical terms for tax planning purposes. Finally, the will provides that all trusts created by the will terminate no later than twenty-one years after the death of the last survivor of Harley's descendants who are surviving at his death and that all trust assets will then be distributed to the Diocese.

Harley died on February 9, 2005. Thereafter, Payne filed the 2002 will for probate, and on December 2, 2005, he filed an application for an extension of time to file the inventory. On December 21, 2005, the Webb children filed a will contest to the 2002 will. They also filed an objection to the application for extension and a petition to remove Payne as executor and, in the alternative to their will contest, to remove Page as trustee. Both Page and Payne answered. The Diocese intervened in May 2006. The Webb children filed an amended will contest on January 4, 2007, and filed an application to admit the 1993 will to probate.

The Webb children and the Diocese reached a settlement, and the Webb children filed an original petition seeking modification of the trust under section 112.054 of the Texas Trust Code and approval of a family settlement agreement. Among other modifications, they sought to have the trustee changed from Page to Chase Bank. Payne filed a response pointing out to the court that neither Page nor Payne had agreed to the modification of the Harley trust, including the removal of Page, or to the terms of the family settlement agreement for which they sought court approval.

A hearing on the modification petition was scheduled for January 25, 2007. On that morning, Page, already named as a defendant by the Webb children in their petition to remove him as trustee in the alternative to their will

3

contest, "intervened" to contest the court's approval of the family settlement agreement and modification of the trust. The Webb children and the Diocese filed motions to strike his intervention on the ground that Page had no justiciable interest, that the intervention would complicate the case by creating an excessive multiplication of issues, that the intervention was untimely, and that Page was estopped from intervening because his counsel had admitted that Page did not have an interest and was not a part of the underlying lawsuit to contest Harley's will. The trial court granted the motions to strike without stating in its order the grounds on which it based its ruling, although prior to entering the order, the court had sent a letter to the parties stating that it was of the opinion that under Texas Trust Code section 115.011(b), Page was not a necessary party. This appeal followed.

## STANDARD OF REVIEW

We review for an abuse of discretion a trial court's determination on a motion to strike a plea in intervention.[1] To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, we must decide

---

[1] *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.).

4

whether the act was arbitrary or unreasonable.[2] Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred.[3]

### ANALYSIS

Page presents two issues on appeal: does the appellate record establish a prima facie case for his standing, and did the trial court abuse its discretion by striking his intervention? He argues that, as a beneficiary of Harley's will, he was a necessary party to the family settlement agreement and that as trustee, he is a necessary party to any action to modify the Harley trust. We agree.

Rule 60 of the Texas Rules of Civil Procedure provides that "[a]ny party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party."[4] When a motion to strike the intervention is filed, "the burden shifts to the intervenor to show a justiciable

---

[2] *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986).

[3] *Id*.

[4] TEX. R. CIV. P. 60.

interest in the lawsuit."[5]  This interest must be more than "a mere contingent or remote interest."[6]  The intervenor has a justiciable interest in a lawsuit "when his interests will be affected by the litigation."[7]

Here, the parties seek to modify the trust and to remove Page as trustee without including him in that proceeding.  For the reasons set out below, Page as trustee is a necessary party to an action to modify the trust unless and until he has been removed from his position as trustee, and he is a necessary party to any proceeding to remove him.

The Texas Trust Code provides that in an action by or against a trustee and in all proceedings concerning trusts, the trustee is a necessary party "if a trustee is serving at the time the action is filed."[8]  Page is therefore a necessary party if he was serving at the time the action was filed.  We have not found Texas law that sets a definitive moment at which the trustee of a testamentary trust begins serving,[9] but common sense dictates that a trustee begins serving

---

[5] *Law Offices of Windle Turley*, 109 S.W.3d at 70.

[6] *Id.*

[7] *Id.*

[8] TEX. PROP. CODE ANN. § 115.011 (Vernon 2007); *see also* § 115.001 (Vernon Supp. 2008).

[9] *See Larson v. Enserch Exploration, Inc.*, 644 S.W.2d 61, 63 (Tex. App.—Amarillo 1982, writ ref'd n.r.e.) (noting that "there are no statutes or

when he accepts a valid trust. A person designated in a trust instrument as a trustee incurs no liability with respect to the trust until he accepts the trust;[10] but once the named trustee has accepted the trust, he owes a duty to the beneficiaries, and therefore he must at that point be considered as serving as trustee. Of course, for a person to accept a trust, the trust must be in existence, and therefore the trust must have property.[11]

A testamentary transfer is a valid method of creating a trust.[12] The question here is whether the death of a testator automatically causes the transfer of property to, and thus the funding and creation of, a testamentary trust. Texas law provides that when the testator dies, property devised under

---

cases that override the provisions of a will and fix precise times when estate property must come under control of testamentary trustees" and holding that the language of the will indicated that the testator "did not intend the trust to be activated, or her trustees to function" until the executor's final report was filed).

[10] TEX. PROP. CODE ANN. § 112.009(b) (Vernon 2007).

[11] *See id.* § 112.005 ("A trust cannot be created unless there is trust property.").

[12] *Id.* § 112.001(3).

7

a will vests immediately in the devisees.[13]  But courts have held that a will may

postpone this vesting if the will expresses an unambiguous intention to do so.[14]

Harley's will includes the following relevant provisions:

- "I give all of the residue of my estate to the trustee named in this will as trustee of a trust to be called the Harley D. Webb, Jr. Family Trust."

- "I recognize that potential conflicts of interest may exist, as my executor may be under a duty . . . to select and value assets *to fund the trusts* created by my will." [Emphasis added.]

- "I authorize my executor to distribute any part or all of my estate in satisfaction or partial satisfaction of any gift, including any gift to a trustee, *at such time as my executor deems advisable*." [Emphasis added.]

- "I specifically authorize my executor . . . except as otherwise provided in this will, to divide, allocate[,] and select assets for distribution in satisfaction of any gift *as my executor deems appropriate*." [Emphasis added.]

- "Whenever my executor concludes that a distribution would otherwise have to be made to a trustee who would then be required to make an immediate distribution of the same property, my executor may make that distribution directly to the beneficiary . . . rather than to the trustee. . . . It is my intent that my executory shall exercise this authority in order to

---

[13]▲ TEX. PROB. Code ANN. § 37 (Vernon 2003).

[14]▲ *See In re Estate of Kappus*, 242 S.W.3d 182, 190–91 (Tex. App.—Tyler 2007, pet. denied) ("To avoid application of [probate code] Section 37, the will must indicate an unambiguous intent to override the general rule that assets vest in the devisees under the will at the moment of death."); *see also Johnson v. McLaughlin*, 840 S.W.2d 668, 672 (Tex. App.—Austin 1992, no writ); *Larson*, 644 S.W.2d at 63.

avoid unnecessarily incurring the expense of *funding a trust* which will not thereafter be administered as such." [Emphasis added.]

- "I specifically authorize my executor to sell any real or personal property in my estate for any reason my executor deems sufficient and consistent with my intentions as reflected in this will, whether or not any such sale is required to pay the liabilities of my estate or for any other reason."

- "Any trustee may at any time accept a partial distribution of the assets of any trust and assume responsibility only for those assets, whether or not it has received any accounting which might be required. It is my intent that these provisions *expedite the funding or partial funding of any trust* created by this will and expedite the succession of trusteeship."[Emphasis added.]

None of this language shows an unambiguous intent to postpone vesting of the trust's interest in the residuary estate; it shows only an intent to postpone the trust's enjoyment of and the trustee's management of the trust property and to make clear that the executor may use any property in the residuary estate to settle claims and to carry out the testator's wishes with respect to tax reduction strategies.[15] Thus, although we cannot say what property of the residuary estate will be disposed of for tax abatement purposes or to pay claims of the estate and thus what property will ultimately constitute

---

[15] *See Nowlin v. Frost Nat'l Bank*, 908 S.W.2d 283, 288 (Tex. App.—Houston [1st Dist.] 1995, no writ) ("To vest is not necessarily to distribute immediately. A 'vested interest' is a present right or title to a thing, which carries with it an existing right of alienation, even though the right to possession or enjoyment may be postponed to some uncertain time in the future.").

9

the Harley trust fund after the estate's administration has ended, the Harley trust's property interests are vested.[16]  Therefore, the Harley trust has been funded, and because Page has accepted the trust, he is serving as the trustee. Although Page did state in his pleadings to the trial court that Payne had not yet distributed assets to the trust, his statements merely acknowledge that he does not yet have management of the assets and not that the trust is unfunded. Accordingly, we hold that because Page is serving as trustee of the Harley trust, he is a necessary party to an action to modify the trust.

Additionally, the Webb children and the Diocese want approval of a family settlement agreement.  The term "family settlement agreement" refers to a specific type of settlement agreement; it is "an alternative method of administration in Texas that is a favorite of the law."[17]  The family settlement doctrine is based on "the general principle that the [devised] property belongs to the beneficiaries under the will and since they may, by transfers made immediately after the distribution, divide the property as they wish, there is no reason why they may not divide it by agreement before they receive it in the

---

[16] *See In re Estate of Kappus*, 242 S.W.3d at 190.

[17] *Shepherd v. Ledford*, 962 S.W.2d 28, 32 (Tex. 1998).

10

regular course of judicial administration of the estate."[18] Under this doctrine, devisees under a will may enter into an agreement not to probate a will and to divide the assets of the estate in an alternative manner to the one provided by the will.[19]

A family settlement agreement generally requires that all the beneficiaries of a will be included in the agreement.[20] A trust may be a devisee under a will.[21] Here, Harley devised his residuary estate to Page as trustee of a spendthrift trust. As stated above, Page's interest vested at the moment of Harley's death, and thus, this family settlement agreement affects an interest that is vested in Page as trustee. While the Webb children are free to decide between the two of them on an alternate distribution of the specific bequests left to them, if they want to divide assets to which another devisee has a claim, they have to include that devisee in the agreement.[22] Page was not included

---

[18] *Estate of Morris*, 577 S.W.2d 748, 755 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.).

[19] *See Shepherd*, 962 S.W.2d at 32; *Estate of Morris*, 577 S.W.2d at 755.

[20] *Pickelner v. Adler*, 229 S.W.3d 516, 524 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (stating that a family settlement agreement "generally requires all heirs' or beneficiaries' agreement on the distribution").

[21] *In re Estate of Kappus*, 242 S.W.3d at 190.

[22] *See Pickelner,* 229 S.W.3d at 524.

11

in this agreement, and therefore the trial court abused its discretion in striking his intervention.[23]

The Webb children and the Diocese argued to the trial court that even if Page had standing to intervene, his intervention should be struck because it was untimely. Because the trial court's order did not specify the grounds for the court's ruling, we can affirm on any legal theory that supports the order.[24] We therefore briefly address this argument. Generally, an intervention is timely at any time before a final judgment.[25] Here, Page intervened in the proceeding before a final judgment was entered. Page did not unreasonably delay his intervention; The Webb children and the Diocese filed their petition on January

---

[23] *See id.*; *see also Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 948 S.W.2d 317, 321 (Tex. App.—Dallas 1997, writ denied) (noting that spendthrift trusts are upheld and enforced out of consideration for the right of donor to control his gift and not out of consideration for the beneficiaries); *Hines v. Sands*, 312 S.W.2d 275, 279 (Tex. Civ. App.—Fort Worth 1958, no writ) (same).

[24] *See Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 279 (Tex. 1987) (stating that in the absence of findings of fact and conclusions of law, the trial court's judgment would be affirmed on any legal theory raised by the evidence).

[25] *See Tex. Mut. Ins. Co. v. Ledbetter*, 251 S.W.3d 31, 36 (Tex. 2008) (stating that "[t]here is no deadline for intervention in the Texas Rules of Civil Procedure"); *Hisaw & Assocs. Gen. Contractors, Inc. v. Cornerstone Concrete Sys., Inc.*, 115 S.W.3d 16, 21 (Tex. App.—Fort Worth 2003, pet. denied) (stating that "[a]n intervention is proper at any time before a final judgment on the merits").

19, 2007, and Page intervened six days later on January 25, 2007.[26] It is irrelevant that Page did not "intervene" until after discovery and other deadlines set by the court's scheduling order had passed. Page's interests were already being represented by Payne;[27] both Page and Payne argued for the probate of the 2002 will and Payne, as executor, had a duty to defend and was defending the will.[28] Until the parties filed this petition, Page had nothing to which to object. We therefore hold that his intervention was timely.

We also briefly address the Webb children and the Diocese's argument that Page's intervention should be struck on estoppel grounds. They asserted that Page admitted before the trial court that he had no interest in the will contest, and therefore under the doctrine of quasi-estoppel, he should not be

[26] *Bush v. Brunswick Corp.*, 783 S.W.2d 724, 727 (Tex. App.—Fort Worth 1989, writ denied) (mentioning "whether the intervention will delay the suit" as one of the considerations upon which a trial court may grant a motion to strike intervention); *Westridge Villa Apartments v. Lakewood Bank & Trust Co.*, 438 S.W.2d 891, 895 (Tex. Civ. App.—Fort Worth 1969, writ ref'd n.r.e.) (determining that the intervention was not timely when the intervenor had knowledge of the appellee's pending garnishment suit for at least eight months prior to its attempt to intervene and did not intervene until the case had been called to trial, and the intervenor presented no evidence to explain the delay).

[27] *See In re Estate of Head*, 165 S.W.3d 897, 902 (Tex. App.—Texarkana 2005, no pet.) (pointing out that the executor has a statutory and a fiduciary duty to protect the interests of devisees).

[28] *See Roberson v. Hunt*, 179 S.W.2d 315, 316 (Tex. Civ. App.—San Antonio 1944, no writ) (noting that it is the duty of the executor to defend the will).

allowed to intervene in the settlement agreement.  Quasi-estoppel arises when it would be unconscionable to allow a party to maintain a position inconsistent with one in which he acquired or by which he accepted a benefit.[29]  We do not have the reporter's record from which to determine whether Page, through his counsel, took the position that he had no interest in the will contest, and we have not found anywhere in the record before us that Page denied ever taking such a position.  Nevertheless, there is no showing that by taking such a position, Page acquired or accepted a benefit, and this fact situation is not one where it would be unconscionable to allow Page to assert his right to be heard.  He would have had no reason to assert an interest in the will contest so long as Payne was fulfilling his duty as executor in defending the will.  Furthermore, Page answered and entered a general denial when the Webb children named him as a defendant in their original petition, and nothing in the record indicates any acquiescence by him to his removal as trustee or to a modification of the trust's terms.  If the trial court granted the motions to strike on this ground, it was an abuse of discretion to do so.

We next address the argument that the Webb children and the Diocese can bring this action without Page because he has a conflict of interest.

---

[29] *Duncan Land & Exploration, Inc. v. Littlepage*, 984 S.W.2d 318, 330 (Tex. App.—Fort Worth 1998, pet. denied).

Generally, a trust beneficiary may enforce a cause of action that the trustee has against a third party only if the trustee cannot or will not do so.[30] In such a case, "the beneficiary is not acting on a cause of action vested in him, but is acting for the trustee."[31] The Webb children claimed that they could bring their action on behalf of the Harley trust because Page has a conflict of interest. But they did not bring an act on behalf of the trust, such as an action to recover trust property or to assert a cause of action of the trust; neither a contest of the 2002 will establishing the trust nor their action to modify the Harley trust could be construed as an action *on behalf of* the trust. If the trial court granted the motions to strike on this ground, it was an abuse of discretion.

Finally, the Webb children and the Diocese argued that Page's intervention would result in an excessive multiplication of issues. We disagree. The Webb children and the Diocese asked the court to remove Page as trustee and to otherwise modify the trust; these are the issues on which Page wishes

---

[30] *Interfirst Bank-Houston, N.A. v. Quintana Petroleum Corp.*, 699 S.W.2d 864, 874 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.); *see also Grinnell v. Munson*, 137 S.W.3d 706, 714 (Tex. App.—San Antonio 2004, no pet.) (stating that "[a] beneficiary is authorized to enforce an action when the trustee cannot or will not enforce it").

[31] *Interfirst Bank-Houston*, 699 S.W.2d at 874.

to have a voice.  Therefore, involving Page does not create an excessive multiplication of issues.

Because we agree that Page was a necessary party to both the family settlement agreement and any action to modify the Harley trust for which he serves as trustee, we sustain both of his issues.  Because we have held that the trial court abused its discretion by striking Page's intervention, we do not reach Page's argument that he has standing to intervene because he brought counterclaims seeking declaratory relief.[32]

Because Page may now reassert in the trial court his claims that Payne, the Webb children, and the Diocese should not be allowed to take any action that would directly impact the assets that he would administer as trustee, in the interest of judicial economy, we briefly address this argument.[33]  A trustee's power can be limited by the instrument creating the trust.[34]  Harley's will provides that under the will the executor has the discretion to settle claims that, in *his* opinion, are legally enforceable against Harley's estate.  If this were just

---

[32] *See* TEX. R. APP. P. 47.1.

[33] *See Petty v. Petty*, 592 S.W.2d 423, 426–27 (Tex. Civ. App.—Dallas 1979, no writ) (reversing the trial court's judgment and addressing in the interest of judicial economy a question raised by the parties that was likely to be raised again on remand).

[34] TEX. PROP. CODE ANN. § 113.001 (Vernon 2007).

a settlement agreement disposing of claims by the Webb children against Payne as the representative of Harley's estate, and if Payne believed that the Webb children had legally enforceable claims, then Page would have no grounds to dispute Payne's settlement of those claims and would not be a necessary party to those proceedings. Furthermore, the will expressly gives the executor the right to choose which property will be used to settle claims and which property will be left as trust property, so Page could not successfully argue against a settlement by the executor on the ground that the property used to settle the claim ought to have gone to the trust. Thus, Page cannot complain about any property of the estate going to the settlement of claims instead of the trust because the will expressly limits his right to do so.

## CONCLUSION

Having sustained Page's issues, we reverse the order of the trial court striking Page's intervention and remand for further proceedings.

LEE ANN DAUPHINOT
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DELIVERED: August 29, 2008

17