

# NUMBER 13-19-00491-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

PROTOTYPE MACHINE COMPANY,                                    Appellant,

v.

TOLEDO P. BOULWARE, ET AL.,                                    Appellees.

---

**On appeal from the 63rd District Court
of Kinney County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Longoria, Hinojosa, and Tijerina
Memorandum Opinion by Justice Tijerina**

Appellant Prototype Machine Company appeals the trial court's judgment awarding attorney's fees to appellees Toledo P. Boulware, et al. (collectively, the applicants).[1] By four issues, Prototype argues that the trial court: (1) abused its discretion

---

[1] The appellees are Toledo P. Boulware, individually and as trustee; Jewel F. Robinson; 4-S Ranch; Shaver Bandera Ranch, LLC As Successor-In-Interest to Dos Angeles, LP.; Zach & Kayla Davis; D.M.C. Partners, Ltd.; Willie Jo Dooley, L.P.; Hayden G. Haby & Doris Y. Haby; Hayden G. Haby, Jr., &

by severing this case from the underlying cause; (2) erred in striking Prototype as a party; (3) was without jurisdiction to proceed in the case; and (4) abused its discretion by awarding appellees attorney's fees and costs. We affirm.

## I. PROCEDURAL HISTORY[2]

Kinney County Groundwater Conservation District ("the District") regulates groundwater withdrawals in Kinney County, and issues permits to authorize the continuation of "historic" and "existing" beneficial, non-wasteful uses of groundwater from the Edwards–Trinity aquifer. Prototype is a landowner and holds a permit to withdraw groundwater. Sometime before December 2003, the applicants each completed and filed a permit application with the District.

### A. Initial Hearings

In August 2004, the District set a preliminary hearing for the applicants as well as for those seeking to contest the permit applications. Thereafter, the District commenced separate evidentiary hearings for each applicant's separate application in accordance with the policies and procedures adopted and implemented by the District. In January 2005, following several hearings, the District ultimately approved the applicants' permit

---

Denette Haby Coates; Melanie & John Jones In Their Capacity As Joint Representatives of The Ben Jones Sr. Estate and Ben Jones Jr. Estate; McDaniel Farms, Inc.; Justin Burk d/b/a Burk Farms; Robert E. Condry; John Boerschig, Tully Shahan; Kinney County Groundwater Conservation District, and Genell Hobbs In Her Official Capacity As General Manager of The Kinney County Groundwater Conservation District.

[2] This appeal was transferred to this Court from the Fourth Court of Appeals in San Antonio by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts); 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

applications but authorized the use of significantly less groundwater than had been sought by the applicants. The applicants requested a rehearing of the District's decisions on February 17, 2005, which was overruled by operation of law when the District took no action on the rehearing motion.

**B.      Lawsuit**

Following the unsuccessful motion for rehearing, in July 2005, the applicants sued the District on various causes of action arising out of the District's administrative decisions relating to the applicants' permit applications. The applicants alleged the District failed to issue written orders and permits confirming its decisions as required by statute. The petition also alleged, among other things, that the District assessed unlawful fees and costs against the applicants. The District responded to the suit by issuing written orders on August 3, 2005, reflecting its decisions on the applicants' permit applications. Following the issuance of the District's orders confirming its decisions, the applicants filed a second motion for rehearing with the District on August 23, 2005. This rehearing, like the applicants' first motion for rehearing, was overruled by operation of law when the District took no action on the motion.

On September 2, 2005, the District sent each applicant an invoice, assessing the costs of the District's lawyers and technical consultants to each application. Upon receipt of this correspondence, the applicants filed a third motion for rehearing with the District on September 22, 2005. The District, again, took no action on this motion for rehearing, and it was overruled by operation of law. Following the filing of cross-motions for partial

summary judgment by the District and the applicants, the trial court granted the applicants' motion for partial summary judgment and denied the District's motion. The applicants filed a second amended petition with the trial court on July 20, 2006, seeking relief under both Chapter 36 of the Texas Water Code and Chapter 37 of the Civil Practice and Remedies Code, commonly known as the Uniform Declaratory Judgments Act ("UDJA"). The District filed a plea to the jurisdiction, which the trial court denied.

## C.    First Appeal

The Fourth Court of Appeals affirmed the denial of the District's plea to the jurisdiction. *See Kinney Cnty. Groundwater Conserv. Dist. v. Boulware*, 283 S.W.3d 452 (Tex. App.—San Antonio 2007, no pet.) (Boulware I). Thereafter, the District and applicants negotiated a settlement in the case and requested that the trial court incorporate their agreement in a final judgment thereby dismissing the case. In August 2007, Prototype intervened by filing a plea to the jurisdiction and requesting declaratory relief. It challenged the trial court's authority to approve the settlement agreement under the UDJA. The trial court struck Prototype's plea in intervention, which Prototype appealed to the Fourth Court of Appeals. The appellate court vacated the trial court's order striking Prototype's plea in intervention because "Prototype had no notice of the hearing on the District's and [the applicants'] motion to strike and [had] no opportunity to respond to the allegations raised in motion to strike" and remanded the case for further proceedings. *Prototype v. Toledo P. Boulware, et al.*, 292 S.W.3d 169, 172 (Tex. App.—San Antonio 2009, no pet.) (Bouldware II).

**D.      Second Appeal**

On June 1, 2018, the trial court, after conducting a hearing on remand, again struck Prototype's plea in intervention and dismissed Prototype's pleas to the jurisdiction, requests for declaratory relief, amended pleas in the intervention, objections to judgment, motions for new trial, and motions for summary judgment. The District and applicants filed a joint motion to sever all Prototype's causes of action into a separate suit. Prototype responded opposing the severance.

On June 26, following a hearing, the trial court granted the joint motion to sever, and severed Prototype's claims "to allow the Court's [June 1, 2018] Order disposing of all of the causes and claims filed by Prototype [] to become final and appealable." The trial court directed the clerk "to include the Court's Order dated June 1, 2018, striking the Intervention of Prototype in the papers filed in that newly docketed Cause."

**E.      Third Appeal**

Prototype filed a notice of appeal in the severed cause. The Fourth Court of Appeals dismissed that appeal for lack of jurisdiction because no final, appealable judgment had yet been entered in the severed cause, where the applicants' claims for attorney's fees and costs against Prototype remained pending. *See Prototype Mach. Co. v. Boulware*, No. 04-18-00441-CV, 2018 WL 6331059, at *1 (Tex. App.—San Antonio Dec. 5, 2018, no pet.) (mem. op.) (per curiam) (Boulware III).

**F.      Fourth Appeal**

Having severed Prototype from the underlying case, on October 26, 2018, the trial

court entered an "Agreed Final Judgment on Remand" in the underlying cause upholding the settlement agreement between the District and the applicants. Prototype appealed the trial court's October 26, 2018 judgment enforcing the settlement agreement between the District and the applicants. The Fourth Court of Appeals dismissed the appeal for lack of jurisdiction because Prototype was not a party to the underlying case and lacked standing to appeal from the October 26, 2018 final judgment. *See Prototype Mach. Co. v. Boulware*, No. 04-18-00592-CV, 2019 WL 938282, at *2 (Tex. App.—San Antonio Feb. 27, 2019, no pet.) (mem. op.) (Boulware IV).

### G.    Fifth Appeal

On August 9, 2019, the trial court held a hearing in the severed cause concerning the attorney's fees sought by the District and the applicants. Following a hearing, the trial court awarded the District attorney's fees in the amount of $70,411.15 pursuant to § 36.066(g) of the water code and awarded the applicants attorney's fees in the amount of $150,045 pursuant to § 37.009 of the Texas Civil Practice & Remedies Code as well as costs in the amount of $864. *See* TEX. WATER CODE ANN. § 36.066(g) (granting district, as prevailing party, its "attorney's fees, costs for expert witnesses, and other costs"); TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. This appeal followed.

## II.    SEVERANCE

By its first issue, Prototype asserts the trial court abused its discretion in severing its case from the underlying case because its "claims are fully interwoven with the facts and issues in the main cause" and "separating them prevented Prototype from pursuing

6

the claims raised in its Plea to the Jurisdiction, which go to the substance of the Judgment in the main case." Other than the two assertions stated above, Prototype has not presented any substantive legal argument applying legal authorities to the facts of this case. *See* TEX. R. APP. P. 38.1(i). Instead, Prototype merely makes this assertion without citation to authority and without explaining how that authority applies to the facts here. We are prohibited from making Prototype's argument, researching the law, and then fashioning a legal argument for it when Prototype has failed to do so. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also The Tex. Brandon Corp, Inc. v. EOG Res., Inc.*, No. 04-19-00403-CV, 2020 WL 7232135, at *2 (Tex. App.—San Antonio Dec. 19, 2020, pet. denied) (mem. op.) ("We may not perform an independent review of the record and applicable law to craft these allegations into a coherent legal argument.").

Next, Prototype asserts that "[it] is improper to sever only the issue of attorney's fees." However, the trial court's June 26, 2018 severance order encompassed more than just attorney's fees. Rather, it severed "the matter of the intervention by Prototype." In the order, the trial court specifically directed the court clerk "to include the Court's Order dated June 1, 2018" disposing of Prototype's pleas to the jurisdiction, requests for declaratory relief, amended pleas in intervention, objections to judgment, motions for new trial, and motions for summary judgment into the new cause so that the June 1 order would become final and appealable. Thus, the trial court did not sever only the issue of attorney's fees

as Prototype asserts.[3] Thus, we overrule Prototype's first issue.

### III. STRIKING PROTOTYPE AS A PARTY

By its second issue, Prototype argues the trial court erred in striking it as a party.

### A. Applicable Law

"Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." TEX. R. CIV. P. 60. Rule 60 "authorizes a party with a justiciable interest in a pending suit to intervene in the suit as a matter of right." *In re Union Carbide*, 273 S.W.3d 152, 154 (Tex. 2008). A party opposing the intervention has the burden to challenge it by a motion to strike. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Pennzoil Co.*, 866 S.W.2d 248, 250 (Tex. App.—Corpus Christi–Edinburg 1993, no writ) ("An entity need only file a petition in intervention and await a motion to strike it."); *Harris County v. Luna–Prudencio*, 294 S.W.3d 690, 699 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

If a party moves to strike the intervention, the burden shifts to the intervenor to show a justiciable interest in the suit. *Union Carbide*, 273 S.W.3d at 155; *In re Webb*, 266 S.W.3d 544, 548 (Tex. App.—Fort Worth 2008, pet. denied). An intervenor has a justiciable interest in a lawsuit "when his interests will be affected by the litigation," *In re Webb*, 266 S.W.3d at 548, whether that interest be legal or equitable, but it must be more than "a mere contingent or remote interest." *Id.*; *see Guar. Fed. Savs. Bank v. Horseshoe*

---

[3] In fact, we note that Prototype appeals intervention-related actions undertaken in the underlying case while simultaneously claiming that the trial court's severance order is limited to the issue of attorney's fees.

8

*Operating Co.*, 793 S.W.2d 652, 657 (Tex. 1990).

**B.    Standard of Review**

We review a trial court's ruling on a motion to strike a petition in intervention for an abuse of discretion. *In re Lumbermans Mut. Cas. Co.*, 184 S.W.3d 718, 722 (Tex. 2006). A trial court abuses its discretion if it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Although the trial court has broad discretion in determining whether an intervention should be stricken, a trial court abuses its discretion by striking the petition if: (1) the intervenor could have brought the same action, or any part thereof, in his own name, (2) the intervention will not complicate the case by an excessive multiplication of the issues, and (3) the intervention is almost essential to effectively protect the intervenor's interest. *Guar. Fed. Savs. Bank*, 793 S.W.2d at 657.

**C.    Discussion**

In its August 9, 2019 order, the trial court found that it lacked subject matter jurisdiction over Prototype's claims, that Prototype's claims were untimely, that Prototype's intervention would unduly complicate the case, and that Prototype lacked standing to bring its claims. Prototype asserts that its participation would not complicate the case because a review of the District's permitting decisions is confined to the administrative record. According to Prototype, its "participation would result in a much less complex proceeding" than that involving the applicants: "[w]ith Prototype's participation, the trial court would review the final January 28, 2005, District issued

9

permits, confined to the administrative record and applying the substantial evidence standard as required by longstanding Texas administrative law jurisprudence." At the motion to strike the petition in intervention hearing, appellees argued that Prototype did not have standing to collaterally attack or appeal the District's decisions on the applicants' permit applications because it was not a party to those contested cases. On appeal, appellees assert that Prototype did not exhaust its administrative remedies below pursuant to the water code and is therefore barred from appealing the District's decisions regarding the applicants' permit applications. *See* TEX. WATER CODE ANN. § 36.251 ("A person, firm, corporation, or association of persons affected by and dissatisfied with any provision or with any rule or order made by a district is entitled to file a suit against the district or its directors to challenge the validity of the law, rule, or order. The suit may only be filed after all administrative appeals to the district are final.").[4]

To the extent that Prototype attempts to challenge the 2005 District-issued permits, by requesting that the trial court "review the final January 28, 2005, District issued permits,

---

[4] In 2015, the Legislature amended § 36.251 to include the following:

(b) Only the district, the applicant, and parties to a contested case hearing may participate in an appeal of a decision on the application that was the subject of that contested case hearing. An appeal of a decision on a permit application must include the applicant as a necessary party.

(c) The suit shall be filed in a court of competent jurisdiction in any county in which the district or any part of the district is located. The suit may only be filed after all administrative appeals to the district are final.

However, to the extent that it is applicable, this case is decided under the version of the statute in effect before the June 10, 2015 amendments. *See* Act of May 20, 2015, 84th Leg., R.S., ch. 415, § 15, 2015 Gen. Laws 1657, 1660 (providing that the amendments apply only to an action filed on or after June 10, 2015).

confined to the administrative record and applying the substantial evidence standard as required by longstanding Texas administrative law jurisprudence," we conclude that Prototype did not exhaust its administrative remedies as required by the water code to challenge the 2005 district-issued permits. *See* TEX. WATER CODE ANN. § 36.251; *Boulware I*, 283 S.W.3d at 46. In *Boulware I*, the appellate court concluded the applicants exhausted their administrative remedies for purposes of filing suit against the District after "the applicants filed three motions for rehearing," which were "overruled by operation of law." *Id.* The court concluded that "the applicants have afforded the District with the opportunity to redress the errors that purportedly occurred during the permit process as required by the Rules of the Kinney County Groundwater District and the Texas Water Code." *Id.*; *see also* KINNEY COUNTY GROUNDWATER DIST. R. 17.10 ("To participate in the hearing on one or more of these applications, a person that is not the applicant must submit a hearing registration form at the hearing on August 12, 2004, or shall be foreclosed from protesting or otherwise participating in the hearing(s)."). Because Prototype did not participate in a hearing on the permit applicants' applications, Prototype is barred from challenging the results of the 2005 District-issued permits pursuant to the court of appeals' reasoning and the District's own policy.

Next, Prototype challenges the "illegal settlement," asserting "secret negotiations" may lead "to possible District action to issue new permits that were not based on the prior administrative record, in noncompliance with District rules or statutory authority." We are mindful that the District and all applicants succeeded in reaching a settlement agreement

11

after over twenty-five months of litigation preceded by years of administrative hearings. This settlement agreement would resolve all claims previously sought by the applicants. Only after the District resolved all matters involving all parties did Prototype seek to intervene and thwart the settlement agreement—two years after the original lawsuit was filed and four years after the first administrative hearing between the applicants and the District. *See Muller v. Stewart Title Guar. Co.*, 525 S.W.3d 859, 874 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (concluding a trial court acts within its broad discretion in striking a petition in intervention when the intervenor "waited until just before the summary-judgment hearing to attempt to intervene, almost 20 months after [the plaintiff] filed suit, and two and a half months after [the parties] set for hearing their summary-judgment motions"). Had Prototype been allowed to intervene, it would have become a new and the only plaintiff, thereby creating an entirely new lawsuit, which would have required the District to start from scratch causing further delay in a four-year-old case. *See Smith v. City of Garland*, 523 S.W.3d 234, 241 (Tex. App.—Dallas 2017, no pet.) (providing that intervention would complicate the case because the trial court would be required to adjudicate issues related to those who are now no longer parties to the suit, "while prolonging the litigation for those who had otherwise resolved their claims through settlement and an agreed judgment"); *J. Fuentes Colleyville, L.P. v. A.S.*, 501 S.W.3d 239, 244–45 (Tex. App.—Fort Worth 2016, no pet.) ("[T]he Tarrant County suit would no doubt be complicated by interjecting Appellants' interests when the only other parties to the suit have already agreed to resolve all claims, disputes and causes of action of any

12

nature' between them.") (internal quotations omitted); *Law Offices of Windle Turley, P.C. v. Ghiasinejad*, 109 S.W.3d 68, 70 (Tex. App.—Fort Worth 2003, no pet.) ("Allowing the intervention in this case would inject new issues into the case that are completely unrelated to the issue of the principal lawsuit—whether Dr. Corpuz committed malpractice."); *see also Glaw & Co., P.C. v. Am. Crest, Inc.*, No. 09-99-233-CV, WL 2000 84912, at *2 (Tex. App.—Beaumont Jan. 27, 2000, no pet.) (mem. op.) (concluding that intervention would complicate the case by an excessive multiplication of the issues as "[w]hat had been a settled case could easily become a case to be tried").

A trial court has broad discretion in determining whether to strike an intervention, and "that discretion presumably includes consideration of all issues related to whether intervention was proper in the case under the circumstances, i.e., any sufficient cause." *Muller,* 525 S.W.3d at 873 (quoting *Allen Parker Co. v. Trustmark Nat'l Bank,* No. 14-12-00766-CV, 2013 WL 2457113, at *6 (Tex. App.—Houston [14th Dist.] June 6, 2013, pet. denied) (mem. op.) (considering "last-minute nature" of attempted intervention in finding no abuse of discretion by trial court in striking intervention)); *see also Armstrong v. Tidelands Life Ins. Co.*, 466 S.W.2d 407, 412 (Tex. App.—Corpus Christi–Edinburg 1971, no writ) (finding that a significant delay in filing a petition in intervention may qualify as "sufficient cause" to strike an intervention); *Amwest Sav. Ass'n v. Marchman*, No. 05-93-00017-CV, 1994 WL 374241, at *1 (Tex. App.—Dallas July 18, 1994, no writ) (mem. op.) (holding that a significant delay in filing a petition in intervention, "standing alone," may be sufficient grounds to strike intervention). To prevail on appeal, Prototype had the

13

burden to show that the trial court abused its discretion by striking its petition in intervention without regard to guiding rules and principles. *See Downer*, 701 S.W.2d at 241; *Ghiasinejad*, 109 S.W.3d at 70 ("Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court in a similar circumstance does not demonstrate that an abuse of discretion occurred."). Considering the trial court's broad discretion to consider all the issues related to whether the intervention was proper, Prototype has not shown that the trial court acted without any reference to guiding rules or principles. *See Downer*, 701 S.W.2d at 241; *Ghiasinejad*, 109 S.W.3d at 70. Accordingly, we hold that the trial court did not abuse its discretion by granting appellees' joint motion to strike Prototype's petition in intervention. *See Ghiasinejad*, 109 S.W.3d at 70 (concluding that appellate courts will only overturn the trial court's denial of a plea in intervention if there has been an abuse of discretion). We need not reach whether Prototype could have brought the same action, or any part thereof, in its own name or whether the intervention is essential to effectively protect its interest. *See Guar. Fed. Savs. Bank*, 793 S.W.2d at 657. We overrule Prototype's second issue.

## IV. JURISDICTION

By its third issue, Prototype challenges the October 26, 2018 judgment enforcing the District's and the applicants' settlement agreement. Prototype contends the trial court was without jurisdiction to approve the settlement agreement and incorporate it into a final judgment. Appellees argue that Prototype is no longer a party to the original cause and lacks standing to appeal. The Fourth Court of Appeals agreed with appellees and

14

dismissed Prototype's appeal for lack of jurisdiction:

> Generally, only parties of record may appeal a final judgment. When the trial court severs all claims by or against a party into another cause number, that party is no longer a party of record in the original cause number and lacks standing to appeal from a final judgment in the original cause number.

> Here, the trial court severed all claims by or against Prototype into the Severed Cause. Accordingly, Prototype is no longer a party to the Original Cause and lacks standing to appeal from the final judgment entered in the Original Cause.

*Boulware IV*, 2019 WL 938282, at *2 (internal citations omitted).

Under the law of the case doctrine, appellate courts are bound by their prior decisions if there is a subsequent appeal in the case. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003); *see also Loram Maint. of Way, Inc. v. Ianni,* 210 S.W.3d 593, 596 (Tex. 2006) ("[T]he 'law of the case' doctrine is that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages."). Because the appellate court already concluded that Prototype lacks standing to appeal from the final judgment entered in the original cause, we overrule Prototype's third issue. *See Ianni,* 210 S.W.3d at 596; *Boulware IV*, 2019 WL 938282, at *2.

## V. ATTORNEY'S FEES

Lastly, Prototype claims that the trial court abused its discretion by awarding attorney's fees and costs in the total amount of $221,320.15 to the appellees because Prototype prevailed on a core legal issue, the fees awarded are beyond the scope of guiding legal principles, unjust, and improperly severed.

15

**A.      Standard of Review**

Under the UDJA, the trial court has authority to award attorney's fees and costs "[i]n any proceeding under this chapter." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009. A trial court may award reasonable and necessary costs and attorney's fees "as are equitable and just." *Id.* The award of fees and costs under this provision is not dependent on a finding that a party "substantially prevailed." *Barshop v. Medina Cnty. Underground Water Conserv. Dist.*, 925 S.W.2d 618, 637 (Tex. 1996). Rather, a trial court may award fees even to a non-prevailing party as long as they are equitable and just. *State Farm Lloyds v. C.M.W.*, 53 S.W.3d 877, 894 (Tex. App.—Dallas 2001, pet. denied).

Because an award of attorney's fees under the UDJA is discretionary, we review such an award for an abuse of discretion. *Barshop,* 925 S.W.2d at 637. A trial court does not abuse its discretion if some evidence reasonably supports its decision. *Indian Beach Prop. Owners' Ass'n v. Linden*, 222 S.W.3d 682, 706 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A trial court abuses its discretion if it misinterprets or misapplies the law or acts arbitrarily or unreasonably. *Tanglewood Homes Ass'n v. Feldman*, 436 S.W.3d 48, 69 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

**B.      Discussion**

**1.      UDJA**

Prototype asserts that awarded attorney's fees under the UDJA are not "equitable and just" because it prevailed on a core legal issue in the trial court. To challenge the settlement agreement in the trial court, Prototype directed the trial court to *Save Our*

16

*Springs All., Inc. v. City of Kyle*, 382 S.W.3d 540 (Tex. App.—Austin 2012, no pet.). Prototype asserts appellees modified their proposed settlement agreement to comply with *Kyle*. Even if a modification of the settlement agreement can be construed as Prototype prevailing "on a core legal issue," the trial court has discretion to award some, all, or none of the attorney's fees. *Ridge Oil Co. v. Guinn Invs., Inc.*, 148 S.W.3d 143, 161 (Tex. 2004). Prototype acknowledges that by seeking declaratory relief, Prototype initiated a "proceeding under this chapter" that falls squarely within the plain language of § 37.009. Yet, Prototype argues that it is "outside the norm to award attorney's fees to a partially prevailing party" because, according to Prototype, many UDJA cases that are reversed are remanded to the trial court for reconsideration of attorney's fees when the prevailing party has changed. However, that is not the case here. There is no reversal of a UDJA claim, prompting a change in a prevailing party. Accordingly, this argument fails. *See Devon Energy Prod. Co. v. KCS Res., LLC*, 450 S.W.3d 203, 223–24 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) (finding that the UDJA permits the award of attorney's fees, as a party defending a claim for declaratory relief, even when the UDJA claimant nonsuits his UDJA claim); *Barshop*, 925 S.W.2d at 637–38 (holding that a failure to "substantially prevail[ ]" on a declaratory judgment claim does not preclude recovery of attorney's fees under the UDJA); *Bailey v. Smith*, 581 S.W.3d 374, 399 (Tex. App.—Austin 2019, pet. denied) ("That principle does not preclude an award of fees for defending against another party's claim for declaratory relief.").

Next, Prototype argues that "rarely is an intervenor liable for fees, and never in an

amount anywhere near the amount awarded in this case." However, the broad language in the statute provides that the trial court "may award . . . reasonable and necessary attorney's fees as are equitable and just" and may award fees to the prevailing party, the non-prevailing party, or neither. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009; *Barshop*, 925 S.W.2d at 637–38. Furthermore, intervenors may be required to pay attorney's fees. *See Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 534 S.W.3d 558, 585 (Tex. App.—San Antonio 2017), *aff'd*, 593 S.W.3d 324 (Tex. 2020) (finding that the trial court was within its discretion to order an intervenor to pay the entire amount of costs).

"In reviewing the trial court's action, we recognize that allowance of attorney's fees rests in the sound discretion of the trial court, and its judgment will not be reversed without a clear showing that the trial court abused its discretion." *Espinoza v. Victoria Bank & Tr. Co.*, 572 S.W.2d 816, 828 (Tex. App.—Corpus Christi–Edinburg 1978, writ ref'd n.r.e.); *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex. 1985) ("The grant or denial of attorney's fees in a declaratory judgment action lies within the discretion of the trial court, and its judgment will not be reversed on appeal absent a clear showing that it abused that discretion."). Accordingly, we conclude that Prototype has not shown that the trial court abused its discretion by awarding attorney's fees under the UDJA.

### 2. Water Code

By a single sentence, Prototype challenges the attorney's fees under the water code: "Because the District and the [applicants] were required to modify the settlement

18

agreement because of Prototype's Intervention, fees to the District are not in the interest of justice." *See* TEX. WATER CODE ANN. § 36.066(h) ("If the district prevails in any suit other than a suit in which it voluntarily intervenes, the district may seek and the court shall grant, in the interests of justice . . . recovery for attorney's fees, costs for expert witnesses, and other costs incurred by the district before the court. The amount of the attorney's fees shall be fixed by the court."). Prototype has not shown how the trial court's award of attorney's fees to the District violates the "interest of justice" provision merely because the District and the applicants modified their settlement agreement. *See* TEX. R. APP. P. 38.1(i). Therefore, we reject Prototype's bare assertion. Because there is no indication in the record that the trial court's decision was arbitrary or unreasonable, we conclude that the trial court did not abuse its discretion in awarding attorney's fees under the water code. *See Save Our Springs All.*, 304 S.W.3d at 893 (upholding the fee award because "reasonable minds can differ concerning whether the attorney's fees are just and equitable"). We overrule Prototype's last issue.

## VI.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed the
29th day of July, 2021.

19